THE CITY OF INDIANAPOLIS *v.* MILLER.

OBSTRUCTION OF STREETS.—ORDINANCES.—The power of the common council to authorize the obstruction of streets or alleys is legislative in its character, and can only be exercised by an ordinance, passed under the formalities required by law.

SAME.—LICENSE.—An order of the common council authorizing an individual to use the streets and alleys adjacent to a building being erected by him, for the purpose of depositing building materials thereon, was held to be a license, revocable at the will of the council.

NUISANCE.—ABATEMENT OF.—In the removal of a nuisance, the party abating it is only liable for a wanton or unnecessary injury.

SAME.—A having, under a license from the city council, placed a large quantity of sand and gravel in a street of a city, to be used as building material, and having refused, after notice, to remove it from the street, the street commissioner, under the direction of the council, removed it, and used it in the repair of the streets, placing as much of it as could be so used upon the streets adjacent to the property of A. Suit by A to recover the value of the material.

*Held*, that the question to be determined was, whether unnecessary damage had been done in abating the nuisance, and in determining this question, it was proper to take into consideration the value of the material, the cost of removal, the benefit to A by having it placed upon the streets bor-

dering his premises, and the cost of removing and placing it upon A's lot, compared with its value.

APPEAL from the *Marion* Common Pleas.

GREGORY, J.—*Miller* sued the City of *Indianapolis* for the wrongful conversion of gravel and sand belonging to him.

The defendant answered in three paragraphs: 1. General denial. 2. That the plaintiff deposited the gravel and sand upon a public street; that it obstructed the street, and was permitted to remain there an unreasonable length of time, and that, although duly notified, plaintiff refused to remove it, and it was removed by the defendant at the cost of $200. 3. That at the time of creating the obstruction, the following ordinance was in force, viz: "Any person convicted before the mayor of having obstructed or hindered the free passage on any public street, lane, alley, sidewalk or crossing in said city, by placing thereon any building materials, or any vehicle to be repaired, or animal to be shod, or any box, barrel, furniture, or other material whatever, or by hitching or tying any animal on the sidewalk, shall be fined therefor in the sum of three dollars: *Provided,* that nothing herein contained shall prohibit the loading or unloading of any goods, wares, merchandise, or other thing, without needless delay: *Provided, also,* that any person occupying any building for business purposes, shall have the privilege of using five feet of the sidewalk next to such building, on *Washington* street, and four feet of the sidewalk next to such building on any other street, for the display of goods, wares, or other articles of trade, but no other part of any sidewalk shall be employed for such purpose: *And provided, further,* that this ordinance shall not affect the stationing of fruit stands, whenever the same do not obstruct free passage along the sidewalks of said city." And defendant avers that the deposit of gravel and sand by the plaintiff hindered and obstructed the free passage of the public street on which the appellee had deposited it; that although the appellee had been duly notified, he refused to remove the obstruction, and it was done by appellant.

The appellee replied in two paragraphs. 1. General denial. 2. That at the time of depositing the sand and gravel upon the street, and previous thereto, he had commenced the erection of a large brick building, upon his ground adjoining the street where the sand was deposited; that previous to commencing the building, on the 22d day of *June*, 1863, the common council of the city, on the plaintiff's petition, made another order and ordinance, to-wit: "Ordered, that *George W. Miller* be permitted to use the streets and alleys near his ground, corner of *Illinois* and *Ohio* streets, for placing building materials upon, and also to take up the pavement opposite his ground on *Ohio* street, said *Miller* agreeing to relay the same;" that by said ordinance the plaintiff was authorized, licensed and permitted to use the said street, and the streets and alleys near, around and adjacent to the ground on which he was erecting his building, on the south-east corner of, and between, *Illinois* and *Ohio* streets in said city, for the purpose of placing building materials thereon, which said ordinance is still in full force and effect, neither rescinded nor repealed; that after the making of said ordinance, to-wit, on, &c., the plaintiff commenced excavating the cellar of said building, and continued the work until the same was completed, to-wit: on, &c.; that the sand and gravel were taken from the cellar and placed upon the street, as building material, in such place and manner as to create the least possible obstruction and inconvenience to the public using the same, and so as to occupy upon the street no unnecessary room; that the sand and gravel were of the best quality for building purposes, and necessary to be used in the erection of the building; that after completing the excavation of the cellar, the plaintiff commenced walling it and rearing the building; that he continued the same until the then present time, with due diligence and without unnecessary delay; that he made use of portions of the sand and gravel in the erection of the walls of the cellar and building until the

balance thereof was removed by the defendant, in the manner stated in the complaint; that the building is not yet completed, and the plaintiff requires the use of all said sand and gravel for the completion thereof. A demurrer to the second paragraph of the reply was overruled and the defendant excepted. The order set out in this paragraph of the reply was introduced in evidence by the appellee, and was relied on by him as a justification for placing the obstruction in the street. The legal effect of this order on the rights of the parties to this suit is fairly before this court. In the absence of this order, the reply was bad, and the plaintiff failed in his proof, for the reason that it was not averred in the reply, nor proved on the trial, that there existed a reasonable necessity for placing the building materials upon the street. *Wood* v. *Mears*, 12 Ind. 515.

It is contended that the ordinance set out in the answer could not be amended or modified by an order of the common council, in the nature of a license to an individual named therein; that an ordinance regulating a street is a legislative act, affecting the public as well as the corporation, and that such an act cannot be performed by the making of an order, without the formalities required in the passage of an ordinance. On the other hand, it is urged that the reply shows that the order was made in the same manner as was the ordinance. The form and substance of the order both show that it was not intended by the common council as one of the ordinances of the city.

In *Wood* v. *Mears*, *supra*, it was held by this court that under the provision of the city charter conferring upon the common council the exclusive power over the streets, the council may, by an ordinance, authorize the obstruction of streets, by placing building material thereon, even where necessity does not require it. We think such a power is legislative in its character, and can only be exercised by an ordinance passed under the formalities required by law. The case at bar is a strong illustration of the importance of this rule. The order in question conferred the right on the

appellée to obstruct one or two of the important streets of the city of *Indianapolis*, without limit as to extent or duration. It can hardly be supposed that the common council would have passed an ordinance to this effect, under the forms of law. As a mere license, revocable at will, it can well be supposed that the common council, through inadvertence, might make such an order. If this order was a mere license, revocable at the will of the common council, then the order and notice averred in the answer were of themselves a revocation, and the reply is bad for not denying such order and notice.

It appeared in evidence, that the sand and gravel were taken out and placed on the street in the excavation of *Miller's* cellar; that the work commenced in the summer of 1863;, that *Miller* was notified in *December*, 1864, by the street commissioner, to remove it; that he refused to do so, and that the street commissioner took the sand and gravel and scattered it upon the streets of the city, putting as much of it as was required along the streets bordering the plaintiff''s property. The pile of sand and gravel, as placed by *Miller* on *Ohio* street, covered about two-thirds thereof, in width, and extended some distance along the street, causing an obstruction to the free use of it for travel.

The city, in our opinion, had the right to abate the nuisance. But the question still remains, did she render herself liable to the appellee for the wrongful conversion of the sand and gravel to her own use?

This question must be settled by all the facts of the case. In the removal of a nuisance, the party abating it is only liable to the owner for a wanton or unnecessary injury. The kind of property constituting the nuisance, and the attending circumstances, must be considered in determining the question. In settling that question, in the case in judgment, it is proper to take into consideration the value of the sand and gravel, its condition on the street, the cost of removal, the benefit to the plaintiff himself in having it placed on the streets bordering his own premises, the con-

venience or inconvenience of its removal to the lot of the plaintiff, and the cost thereof, compared with the value of it; and if, from the facts, it is made to appear that there was no unnecessary injury done to *Miller,* then he cannot recover, although the public may have derived a benefit from the use of the sand and gravel in the improvement or repair of the streets of the city. ⸢It is plain that in determining this question, the cost of removing the sand and gravel was proper evidence to go to the jury. If the court or jury trying the cause should conclude that the city ought to have removed the sand and gravel from the street, and placed it on the vacant ground of the plaintiff, in the rear of his building, then the cost of such removal must be deducted from its value, in the assessment of the damages. ·The court below erred in excluding the evidence offered by the appellant of the cost of removing the sand and gravel.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to sustain the demurrer to the second paragraph of the reply, and for further proceedings.

*B. K. Elliott* and *J. B. Black,* for appellant.

*M. M. Ray, J. W. Gordon* and *W. March,* for appellee.