# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1881, IN THE SIXTY-SIXTH YEAR OF THE STATE.

———◆———

No. 8416.

CITY OF AURORA ET AL. v. FOX ET AL.

PLEADING.—*Demurrer.*—A demurrer to an entire complaint, containing one good paragraph, should be overruled.

SAME.—*Harmless Error.*—*Practice.*—There is no available error in sustaining a demurrer to a good paragraph of an answer, if there remain another paragraph stating substantially the same matter.

CITY.—*Damages.*—*Evidence.*—*Jury.*—In a suit against a city to recover damages for unlawful excavations made adjoining the plaintiff's lot, evidence showing what would be the cost of a wall along the line of the plaintiff's lot, to protect it from caving, is admissible, the necessity of such a wall being a question for the jury.

SAME.—*City Council.*—*Declarations.*—Parol evidence of the proceedings of a city council, and of the declarations of individual members thereof, in ordering the grading of a street, is not admissible, until some valid excuse is shown for not producing the record of such proceedings.

SAME.—*Improvement of Streets.*—*Statute Construed.*—Sections 3162 to 3165, R. S. 1881, apply only where a city seeks to improve its streets at the expense of the abutting owners, and do not limit the general powers over streets conferred by other provisions of law; and where a city, in the exercise of its general powers and at the expense of its treasury, grades a street, it is not liable to adjoining owners for consequential injuries, merely because it fails to comply with the requirements of those sections.

SAME.—*Grading Streets.*—Earth can not be removed from a street except for its improvement, nor can such earth be used by a city except to grade that or other streets, the grading of which is part of the same general plan of improvement.

SAME.—*Adoption of Plan.*—Where the common council directs that a plan of improvement for S. street be prepared, which is accordingly done and reported, and the action of the council thereon appears on its record in these words: "The survey and plan for the improvement of S. street by J. is accepted," an adoption of the plan is sufficiently shown.

SAME.—*Case Criticised.*—While the question actually before the court in *City of Delphi* v. *Evans,* 36 Ind. 90, was correctly decided, there are many expressions in the opinion in that case which can not be maintained.

From the Dearborn Circuit Court.

*C. S. Jelley, W. S. Holman* and *W. S. Holman, Jr.,* for appellants.

*D. H. Stapp, H. D. McMullen* and *D. T. Downey,* for appellees.

ELLIOTT, C. J.—Appellees' complaint is in two paragraphs. One at least is good, and, as the demurrer was addressed to the entire complaint, it was properly overruled, even though one of the paragraphs is bad.

The complaint alleges, in substance, that the City of Aurora, without having adopted any general plan for the improvement of the streets, and without having advertised for proposals, and also without having entered into a written contract, proceeded to dig into and cut down a street upon which appellees' house and lot were situated, and without right hauled away and appropriated the soil of said street. It is further alleged that by reason of the cutting down of said street the appellees' property was greatly injured. The complaint states a case within the rule declared in *City of Delphi* v. *Evans,* 36 Ind. 90; for it shows a wrongful carrying away of the soil of the street.

A demurrer was sustained to the second paragraph of the appellants' answer, but no available error was committed, even if it be conceded that the pleading was sufficient, for the

City of Aurora *et al. v.* Fox *et al.*

reason that the same defence was substantially stated in another paragraph, which was held good.

The error alleged upon the ruling denying a new trial presents all the other questions in the case. Testimony was admitted over the objection of the appellant as to the cost of erecting a wall along the line of appellees' lot. This ruling was not erroneous. If the appellants' wrongful act made it necessary for the protection of appellees' property to erect the wall, its cost was a proper element for the jury to consider in estimating damages. It is, however, contended by the appellants' counsel that no wall was necessary. Whether there was or was not a necessity for the wall was a question of fact for the jury.

Michael Teany, one of the appellees' witnesses, was permitted to testify as to the proceedings of the common council of the city of Aurora, and as to the declarations of individual members of that body. An objection was interposed and overruled. The ground of objection was that the proceedings of the common council could not be proved by parol. No effort was made to secure the production of any of the corporate records, nor was it shown that no record had been made. The custodian of the records was not called; neither was there any notice to produce the corporate records. It is clear to our minds that the court erred in admitting this testimony. The record of the proceedings of the common council was the primary evidence. Until some valid excuse was shown for not producing the primary evidence, secondary was not admissible. There are cases where corporate proceedings may be shown by oral testimony, but this is not one of them.

The third instruction given by the court contains the following statement: "To the city, however, belongs the right, under the corporate powers conferred upon it by the charter, to grade and improve Square street, and use the same for the purpose of a highway. But before the city can make such improvements certain provisions of the city charter must be complied with. First, an order, resolution or ordinance must

be passed by the common council authorizing the improvement. If the city, of her own volition, directs that the improvement of the street be made, the order, resolution or ordinance must be adopted by a two-thirds vote of the common council, and then such vote and the ordinance must be entered of record. If this is not done, the city can not shield itself from liability under such order, resolution or ordinance. The improvements must also be based upon plans and specifications fixing the grade and the improvement to be made, which grade and specifications must be adopted by said common council, and they must correspond with the general plan for the improvement of the streets of the city." The fourth instruction contains the following: "In addition to these prerequisites, the city, before she can lawfully commence the contemplated improvement, must advertise for proposals to do the work, and, when so advertised, the contract for the work must be in writing, signed and delivered by the party to whom the work is let, who must also give bond for the faithful performance of the contract."

The court, by these instructions, required of the appellant as strict an adherence to the provisions of the charter as would have been necessary had the case been one against a property owner for the collection of an assessment. The theory of the trial court was, that the city is liable as a trespasser, if every statutory provision is not complied with. The case is, it must be kept in mind, a very different one from that of a proceeding to enforce the collection of an assessment for a street improvement. The municipal corporation, in making an improvement of a street over which it possesses "plenary power," as was said in *Wood* v. *Mears*, 12 Ind. 515, is doing a very different thing from enforcing a summary remedy for the collection of the cost of an improvement from adjacent property owners. The appellees rested their case in the trial court, and rest it here, upon the case of *The City of Delphi* v. *Evans*, 36 Ind. 90. There are expressions in the opinion in that case which do sustain the appellees' theory, that a

municipal corporation is to be deemed a wrong-doer if it digs into a public street for the purpose of grading or paving, unless the corporate authorities have complied with the provisions of the charter providing for the assessment of the expense of improving the street upon the abutting property. These expressions were not necessary to the decision of the point in judgment. It was not necessary to decide in that case, whether the corporation was liable as a trespasser if it undertook to improve the street without strictly following the provisions of the charter to which we have referred. What was decided, and all that was decided, in that case, is shown in the conclusion of the opinion, which reads thus: "It appearing from the allegations of the complaint that the common council of the city of Delphi had made no order establishing the grades and ordering the improvement of Washington, Wilson, and Frank streets; that the excavation was not made in Frank street for the improvement of such street; and that the work was not done in a careful and skilful manner, but that the same injured the street and damaged the property of the plaintiff, we are of the opinion that the court committed no error in overruling the demurrer to the complaint; and, this being the only error assigned, it results that the judgment must be affirmed."

It is clear that the case from which we have quoted does not decide that a municipal corporation is a trespasser, if it excavates a street for the purpose of grading, unless it has proceeded strictly in accordance with the provisions of the charter empowering it to collect the cost of the improvement from the adjacent lot owners. What is said in the opinion lending support to such a doctrine as that for which appellees contend, can not be supported upon principle or authority.

The right to the soil of the street remains in the owner of the fee, and the municipal corporation has no right to remove it, unless its removal be necessary for the improvement of the street. The removal of the soil for any other purpose than that of improving the street is an actionable wrong.

Where there is a general plan for the gradation and im-, provement of highways, intersecting streets and highways in the vicinity of the one improved are to be deemed parts of the same general plan, and soil may be removed from one and placed upon another. 2 Dill. Munic. Corp., sec. 687. It is therefore necessary, as held in *City of Delphi* v. *Evans, supra,* that, where the soil is removed from one street to another, it should be shown that the improvement of the two streets was embraced in and formed part of one and the same general plan.

We can not yield to the doctrine that a municipal corporation is to be deemed a trespasser, and liable as such, where the improvement of a street is ordered pursuant to an accepted plan and by a duly enacted ordinance, because there is some defect in the manner of awarding and evidencing the contract. There is no reason for applying to a case in which the corporation is sued as a trespasser the same rule as that which obtains in cases where there is an effort to enforce a summary statutory remedy for the collection of a local assessment. The cases are altogether dissimilar. The fact, that the advertisement was for a period of one day or two days less than the time prescribed, ought not to be allowed to put upon the corporation the liability of a trespasser. Nor ought the failure of the contractor to give bond, or of the clerk to make the proper record of the vote, to have any such effect. It is imposing an unreasonable burden upon municipal corporations to require them in all cases to proceed in exact accordance with the provisions of the sections of the charter which confer authority to collect the cost of improving streets from the adjacent lot owners. No good purpose is subserved by the imposition of such a burden. The omission of some matter, such as the failure to record the vote, resolution or ordinance, can not do the property owner who sues for the trespass any possible harm. Whether the advertisement was in strict accordance with the law, or whether the contract was signed by the contractor, or such like matters, can not, in any way, impair the rights of one whose property is affected by the improve-

ment of the street. It is, of course, otherwise where the corporation seeks to impose upon the property owner the burden of paying for the improvement.

The 68th, 69th, 70th and 71st sections of the general act for the incorporation of cities are intended to apply to cases where the municipal corporation seeks to compel the lot owners to pay the expense of improving the street upon which their lots abut. They were not intended to limit the general powers conferred by other provisions of the statute. It has been decided over and over again by this court that the municipal corporation has plenary power over the streets and highways within its corporate limits. In one case it was said : " It has full authority to repair the streets, and construct drains and sewers. If it does this with proper skill and care, and without malice, as the paragraph alleges in substance, and consequential injury results to the citizen, he has no remedy." *City of Vincennes* v. *Richards,* 23 Ind. 381. In *Wood* v. *Mears, supra,* the court quoted the following from the general act : " The common council shall have exclusive power over the streets, highways, alleys, and bridges within such city, and to lay out, survey, open, straighten, widen, or otherwise alter the same, to make repairs thereto, and to construct and establish sidewalks, crossings, drains and sewers ;" and said : "This section confers upon the common council plenary power over the streets and alleys of the city." There are many cases in which this rule is declared and enforced. If the provisions of the 67th, 68th, 69th and 70th sections were removed from the statute, there would remain ample power to grade and re-grade streets. There are very many provisions conferring this authority. The authority to make the improvement exists without the sections cited, but without them the expense would have to be borne by the municipality. They were not intended to confer general powers to improve, but were intended to invest the corporate officers with authority to collect the expense from owners of property abutting on the street.

If the authority to improve streets is to be strictly confined within the limits assigned in the instructions of the trial court, then the city would have no authority to order it to be done by the street commissioner, or any other officer. If there is no other authority than that conferred by the sections granting the right to tax property owners with the cost of the improvement, then the corporation has no general power at all over its streets and highways. This can not be the rule.

A corporation, with ample general authority to improve streets, can not be deemed a trespasser because the proceedings are not in strict compliance with the provisions of the statute regulating *proceedings in cases* where the improvements are to be made, not at the expense of the municipal treasury, but at the expense of individual property owners. This seems so plainly right upon principle that support is not needed from adjudged cases. There is, however, a case in our own reports which declares this doctrine. In *The City of Terre Haute* v. *Turner*, 36 Ind. 522, the complaint was, in its essential features, similar to that in this case, and the defendant's answer was, so far as concerns the question in hand, substantially, as follows: That the common council of the said city, during the last summer, considered it was necessary, and that public convenience required, that said street in front of said warehouse should be so graded as to render the street uniform, and by a two-thirds vote ordered that said street be so graded and gravelled; that said order, with the yeas and nays thereon, was duly entered upon the record as a part of their proceedings; that pursuant to said order the defendant caused the work to be done. It will be observed that this answer does not aver that there was an advertisement for proposals; nor does it aver that any contract was awarded nor that a bond was executed. This answer was held good, and the judgment reversed because a demurrer was sustained to it in the court below. The ruling in the case under immediate mention is the correct one, and is in direct conflict with many of the expressions contained in the opinion in *City of Delphi* v.

*Evans, supra,* but is not in conflict with the decision of the court upon the point in judgment.

The appellants asked, and the court refused, the following instruction: "If you find from the evidence that the common council of the city of Aurora established the grade of the street in question; that a plan for such grade was fixed, and stakes set on the street indicating the depth of excavation to make the proper grade; that such plan for the grade of the street was accepted by the common council on the fifteenth day of September, 1876, and that on that day the common council passed an ordinance by a two-thirds vote of the council for the grading of the street according to the specifications of the said plan for the improvement; that the common council caused the work to be done by Thomas L. Chrisman; that he removed the earth from the street, and graded the same in conformity with the plan so fixed for the improvement of the street; that the work was done carefully and skilfully, doing the property of the plaintiff no unnecessary injury, and that in grading said street plaintiff's lot was not interfered with, and that the common council were not actuated by malice or ill-will toward the plaintiff in adopting said plan and in making said improvement; your verdict should be for the defendant."

This instruction is, in the main, a correct statement of the law, but in one particular is erroneous. It does not correctly state the law upon the question of the right of the city to remove the soil from Square street. The city, as we have already said, had no right to remove the soil, unless it was necessary for the improvement of the street, nor had it any right to use the earth taken from the street for any other purpose than that of grading streets forming part of the same general plan of improvement.

In one of the instructions it was said: "If the jury find that the common council ordered that a survey be made of Square street, fixing the grade and plan of improvement thereon, and that a competent person performed such duty,

and reported in writing a plan for such improvement, and that the common council simply accepted said survey and plan, but did not adopt the same, then, and in that event, it can not be claimed that a grade and plan for the improvement had ever been established by the city." This statement does not correctly express the law applicable to the case made by the evidence. It appears from the evidence that the common council directed that a plan should be prepared; that one was prepared and reported, and that at the time it was reported the following order was entered upon the record of the common council: "The survey and plan for the improvement of Square street by N. T. Jacqueth is accepted." The form of words used by the council is immaterial; the material thing is their determination. The mode of expression is unimportant; the conclusion arrived at is the important and controlling thing. The order accepting the plan shows very clearly the determination of the municipal legislature, and this is enough. In such a matter as this no formal ordinance is necessary. An ordinary order is sufficient.

Judgment reversed.