Reed *v.* Cheney.

Filed June 28, 1887.

---

No. 12,550.

## REED *v.* CHENEY.

PLEADING.—*Matters of Description.*—*Amendment During Trial.*—*Practice.*— Under section 396, R. S. 1881, the trial court may permit a party to correct a pleading as to a matter of description, even after the evidence in chief has been heard.

NUISANCE.—*Public Highway.*—*Destruction of Culvert.*—*Restoration by Land-Owner.*—*Surface Water.*—*Collecting into Channel and Discharging Upon Land of Neighbor.*—Where the natural course of surface water is, and has been for a long period of time, through a culvert in a public highway and thence upon the lands of A., the latter has no right to fill up the culvert, thereby causing the highway to become impassable at times of high water, and, by the construction of a ditch, collect the water into a channel and discharge it in a body upon the lands of B., to his injury. Such acts would be the creation of a nuisance which B. would be entitled to abate by restoring the culvert, doing no wanton or unnecessary injury.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*B. K. Higinbotham, M. Bristow* and *H. C. Sheridan,* for appellee.

MITCHELL, J.—Reed brought suit against Cheney in the

court below, alleging that the latter, by means of certain excavations, caused the surface water from lands adjoining to flow over and upon the plaintiff's lands, thereby injuring and destroying his growing crops, grass, etc.

The substance of the defendant's answers was that the plaintiff's land lay on the south, and lower side of a public highway running east and west, and that the defendant owned a body of land lying west of that owned by the plaintiff.

It was averred that the natural course of the surface water from the upper land had been from time immemorial through a culvert lawfully constructed and maintained in the public highway, over and upon the plaintiff's land, and that the plaintiff, prior to the grievances complained of, had wrongfully entered upon the highway and filled up and destroyed the culvert, and had, without right, constructed a ditch westward, in and along the highway through some elevated ground lying between the plaintiff's and defendant's lands, thereby conducting the surface water which had been accustomed to flow through the culvert on to the plaintiff's land, out of its natural course, and discharging it through the ditch so constructed, in a body on to the defendant's lands. The defendant charged that the authorities having the highway in control reconstructed the culvert again and again, but that the plaintiff as often destroyed the same. That the destruction of the culvert caused the water to stand upon the highway, thereby rendering it practically impassable on occasions of high water, and that the construction of the ditch, by means of which the water was discharged upon the defendant's land, inflicted great damage and loss upon the defendant. The defendant alleges that he had frequent occasion to use the public highway, that being the most direct way to his post-office and market town, and that, with the consent of the road supervisor, who furnished the lumber therefor, he restored the culvert across the highway, as it had been previously constructed and maintained, so as to permit the water to escape

and follow its usual course, which he alleges is the identical trespass and injury complained of.

The first error suggested is that the court, during the progress of the trial, and after the evidence in chief had been heard, permitted the defendant, over objections, to amend his answers by changing the word "north" to "south," in those places where it was used in describing the highway.

There is no merit in this objection. The amendment was made in conformity with section 396, R. S. 1881, which authorizes the court at any time, in its discretion, and upon such terms as may be deemed proper in furtherance of justice, to direct a mistake in name or description, etc., to be corrected.

The objections to the answers are not well taken; they present a sufficient defence to the complaint.

While it is true that, upon the boundaries of his own land, not interfering with any natural watercourse, the owner may erect such barriers as he may deem necessary to keep off surface water, or overflowing floods coming from or across adjacent lands, he may not direct surface water from its natural course by collecting into a channel and discharging it upon the lands of his neighbor. *Weis* v. *City of Madison*, 75 Ind. 241 (39 Am. R. 135), and cases cited.

Nor had the plaintiff the right to fill up and destroy a culvert, lawfully made in a highway for its protection, thereby rendering the highway impassable.

It must be presumed, that if the original construction of the culvert in the highway resulted in injury to the plaintiff's land, damages were assessed and paid in the manner pointed out by the statute. At all events, filling up the culvert, thereby causing the highway to become impassable, and constructing a ditch and collecting the surface water into a channel, and discharging it in a body upon the defendant's land, was the creation of a nuisance, which affected the defendant in such a manner as entitled him to abate it by restoring the culvert, doing no wanton or unnecessary injury.

*Mayhew* v. *Burns*, 103 Ind. 328; *State* v. *Flannagan*, 67 Ind. 140; *City of Indianapolis* v. *Miller*, 27 Ind. 394; Cooley Torts, 46.

Where a person sustains special injury from a nuisance, even though it be a public nuisance, if the injury be such as would sustain an action at law, the person injured may abate the nuisance to an extent necessary to protect his rights and prevent a recurrence of the injury. Wood Nuisances, section 733.

The answers allege, and the demurrers admit, that the culvert was restored with the consent of the road supervisor, and that it was in all respects such a culvert as had been maintained for an indefinite period in the highway by the road supervisors before it was wrongfully destroyed. The answers were in all respects sufficient.

The plaintiff replied by a general denial, and also undertook to reply specially a prescriptive right to carry the surface water westward along a ditch in the highway on and over the defendant's lands.

The special replies were held insufficient. These replies made no effort to justify the destruction of the culvert in the highway by the plaintiff. The answers show that all the defendant did was to restore the culvert, with the consent of the road supervisor. If, therefore, we should concede that the plaintiff had a prescriptive right to maintain the ditch as alleged in his reply, it would not follow that the defendant was liable for restoring the culvert in the manner described in his answers.

There is nothing to show that the defendant in any manner interfered with the ditch into and through which the appellant claims he has a prescriptive right to have the surface water flow. All that the defendant did, if his answers be true, was to restore the culvert, which it is alleged the appellant wrongfully subverted, and to this feature of the answers the replies make no response. The evidence was all

admissible under the general denial, and, in any event, there was no harmful error in the rulings upon the pleadings.

The foregoing are the only questions discussed.

Having found no error the judgment is affirmed, with costs.

