# CITY OF JEFFERSONVILLE *v.* LOUISVILLE AND SOUTHERN INDIANA TRACTION COMPANY.

[No. 8,498. Filed February 18, 1915. Rehearing denied April 20, 1915. Transfer denied June 17, 1915.]

1. MUNICIPAL CORPORATIONS.—*Public Improvements.—Streets.— Statutory Provisions.*—While §§8655, 8710-8721 Burns 1914, Acts 1905 p. 219, Acts 1909 p. 412, Acts 1907 pp. 167, 550, provide a method for improving the streets of a city and for collecting the cost thereof, such provisions are not exclusive, and a city may improve its streets by virtue of §8961 Burns 1914, Acts 1905 p. 383, which gives to cities exclusive power over streets and alleys "to extend * * * and otherwise improve those already laid out, or that may be hereafter laid out". p. 240.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.—Streets.— Statutory Provisions.*—Sections 8710-8721 Burns 1914, Acts 1909 p. 412, Acts 1907 pp. 167, 550, relating to the improvement of streets, apply only where it is sought to make the improvements at the expense of the abutting property owners. p. 241.

3. MUNICIPAL CORPORATIONS.—*Public Improvements.—Streets.— Liability of Street Railroad Company.—Complaint.*—A complaint against a street railroad company to collect the cost of improving that portion of a street occupied by its tracks, alleging that defendant was operating under a franchise ordinance providing that it should pay the cost of improvement of all that part of any street within its tracks, etc., and averring the adoption of a resolution for the making of such improvement and for assessing to the company the cost of that part of the improvement within its tracks, etc., though disclosing that the improvement was not pursuant to §§8655, 8710-8721 Burns 1914, Acts 1905 p. 219, Acts 1909 p. 412, Acts 1907 pp. 167, 550, disclosed a valid subsisting contract between the city and the defendant pursuant to which the improvement was made in that part of the street occupied by the tracks, and for the cost of which the city was entitled to recover. pp. 241, 242.

4. MUNICIPAL CORPORATIONS.—*Public Improvements.—Streets.— Statutory Provisions.*—Where a city attempts to improve a street pursuant to §§8655, 8710-8721 Burns 1914, Acts 1905 p. 219, Acts 1909 p. 412, Acts 1907 pp. 167, 550, providing for making such improvements at the expense of the abutting property owners, there must be a strict compliance with such provisions. p. 242.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by the City of Jeffersonville against the Louisville

and Southern Indiana Traction Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*George H. Hester* and *James W. Fortune,* for appellant.
*George H. Voigt* and *Stotsenburg & Weathers,* for appellee.

IBACH, J.—Appellant sought by this action to recover from appellee $639.32 for improving so much of certain streets as was occupied by appellee's tracks, pursuant to certain contractual relations between the parties expressed in §4 of appellee's franchise from appellant. The separate demurrer to each paragraph of the complaint.was sustained, to which ruling the appellant duly excepted, and refusing to plead further, judgment was entered in appellee's favor. These rulings of the court present the only questions for review.

Appellee sets forth a number of reasons in the memorandum attached to the demurrer, why the complaint is insufficient, the effect of all of which is to deny appellant's right to improve its streets in a manner other than that prescribed by special statute.

Following the usual preliminary averments in such complaint the substance of the charge is that the right to build its tracks and operate its cars over and upon appellant's streets was acquired through and by virtue of an ordinance of appellant, and the franchise therein granted. A copy of the ordinance and franchise is set out in full in the complaint and it is averred that appellee accepted all the conditions and provisions therein contained and has acted thereon and has operated its cars thereunder, and not otherwise. Section 4 of the ordinance and franchise, which is particularly important is:

"In case said city shall order the improvement of any or part of streets upon which the said interurban company's track is located, the said interurban company shall be liable for and bear its proportion of the cost of the improvement of said street, which propor-

tion shall be the cost of construction of all that part within its said tracks and twelve inches on each side thereof; and said interurban company shall not have the right to claim that the owners of real estate abutting on the line of said streets are liable for the interurban company's proportion of said cost."

It is further averred that while the said ordinance and franchise was in force, appellant on May 1, 1911, by its common council duly provided for and ordered the improvement of Market Street, one of the streets upon which appellee operated its track, by the following resolution:

"Be it Resolved, by the common council of the City of Jeffersonville, that it is necessary to improve Market Street from the east line of Meigs Avenue to the west line of said city, except that portion of Market Street at the intersection of Spring and Market streets, by macadam and screenings and road oil and to repair and construct suitable bridges over gutters in said street. Be it further resolved, that the Louisville and Southern Indiana Traction Company shall bear its proportion of the cost of such improvement of said street within its said tracks, on said street and twelve inches on each side thereof. Be it further resolved, That this resolution be adopted on this 1st day of May, 1911, for the improvement of the street as herein provided and according to the terms and provisions of this resolution."

That the improvement of Market Street was made and contracted as provided for in the terms of said resolution, and the contract and franchise granted by plaintiff to defendant and its predecessors, and that the improvement was not under or in compliance with the law of the State of Indiana, providing for the permanent improvement of streets and alleys by proceedings before the common council of said city. The improvement was made under such resolution duly adopted by the common council and approved by the mayor in writing. The defendant was given reasonable opportunity to make the said improvement as provided by said section of the ordinance. The council did not adopt or place on file detailed plans and specifications

240     APPELLATE COURT OF INDIANA,

City of Jeffersonville v. Louisville, etc., Traction Co.—59 Ind. App. 237.

for the improvement of the street. A preliminary resolution was not adopted, the improvement was not made by competitive bidders, but "said improvement was made by authority of said §4 of said ordinance by plaintiff, and defendant had notice of the same because of the fact that it was the owner of the privileges conferred by plaintiff in said ordinance, and as heretofore stated." Defendants had notice in writing and not otherwise of said improvement, before, at the time of and more than ten days after the same had been done. Defendant is indebted to plaintiff on account of the work and labor done and material used in the construction of the work in the sum of $423.49.

The averments of the second paragraph of the complaint are similar to the first, except that the improvement described is on Missouri Avenue.

The complaint shows that the improvements referred to were not made in compliance with the laws of the State of Indiana relating to street improvements and the assessment of abutting property to pay therefor, but were made solely under and pursuant to a resolution passed by appellant's common council and the contract and franchise granted by such city to appellee and its predecessors. The controlling question then is, Can a city under such circumstances entirely ignore §§8655, 8710-8721 Burns 1914, Acts 1905 p. 219, Acts 1909 p. 412, Acts 1907 p. 167, Acts 1907 p. 550? It must be conceded that these statutes 1. provide one method for improving streets in a city and for collecting a portion of the cost of such improvement from a street railroad company occupying a portion thereof. But our statutes also provide that every city and town shall have exclusive power over streets and alleys, etc., "to extend and open streets and alleys and straighten, widen, and otherwise improve those already laid out, or that may hereafter be laid out." §8961 Burns 1914, Acts 1905 p. 383. So, to hold that the first-mentioned statutes alone control the method of making street improve-

MAY TERM, 1915. 241

City of Jeffersonville *v.* Louisville, etc., Traction Co.—59 Ind. App. 237.

ments, such as are involved in this case, would be in direct conflict with the last-mentioned statute, and a number of decisions of our courts, as well as of those of other jurisdictions having in many respects similar statutes. 1 Elliott, Roads and Sts. (3d ed.) §339; *Cummins* v. *City of Seymour* (1881), 79 Ind. 491, 493, 41 Am. Rep. 618, and cases cited; Cooley, Mun. Corp. §87; *City of Williamsport* v. *Commonwealth* (1877), 84 Pa. St. 487, 24 Am. Rep. 208; *City of Detroit* v. *Detroit United Railway* (1903), 133 Mich. 608, 95 N. W. 736; *White* v. *McKeesport* (1882), 101 Pa. St. 394; *City of Aurora* v. *Fox* (1881), 78 Ind. 1, 7; *City of Crawfordsville* v. *Braden* (1892), 130 Ind. 149, 28 N. E. 849, 30 Am. St. 214, 14 L. R. A. 268. Sections 8710-8721,

2. *supra,* apply only when a city seeks to improve its streets at the expense of the abutting property owners, and they do not limit the general powers over streets conferred by other provisions of the law, under which a city may, in the exercise of its general powers and through its own officers and servants make street improvements.

The existence of the ordinance between the parties to this action being admitted by the separate demurrers to the separate paragraphs of the amended complaint

3. requires that this case, in view of what has already been said, must be determined upon the sufficiency of the contract contained in the ordinance irrespective of the provisions of the statute, *supra,* relating to the improvement of streets by assessment on the benefited abutting property. We are satisfied that the complaint discloses a valid subsisting contract between the city and appellee, and that the city improved that portion of the street occupied by the tracks of the street railroad company under that contract, and was entitled to recover the cost thereof from appellee, although the work was not attempted to be performed under §§8710-8721 or §8655, *supra.* Appellee's con-

tention would be upheld if the improvement had been attempted under the sections of the statute last cited, for the city would then have been required to follow the statutes strictly. That discussion, however, does not apply here, for the facts averred show that the improvement was made in the exercise of appellant's general powers over its streets conferred by other provisions of the law, and agreeable to the contract between the parties. We are satisfied that in view of all the statutes which we have on the subject here involved, and the decisions construing them and similar ones, that we are not permitted to hold otherwise than that the complaint is sufficient to withstand the demurrer. Judgment reversed.

NOTE.—Reported in 107 N. E. 748. As to purposes for which a municipal corporation may levy taxes and assessments, see 16 Am. St. 365. See, also, under (1, 2, 4) 28 Cyc. 946.