### THE CITY OF VINCENNES *v.* RICHARDS.

IMPROVEMENT OF STREETS—DAMAGES.—Under the statute, a city has full
power to repair streets and construct drains and sewers. If it does this
with proper care and skill, and without malice, it is not liable for conse-
uential injury.

23  381
153  343

APPEAL from the *Knox* Circuit Court.

FRAZER, J.—The appellee sued the appellant, alleging
that he owned, and resided on, a certain half lot in *Vin-
cennes;* that the city, by erecting and maintaining divers
culverts, embankments, ditches, water-ways, grades, and
excavations upon certain streets of the city, caused the
waste water, which before had been accustomed to flow
elsewhere, to be diverted from its natural channels, and
thrown upon the appellee's lot.

The city answered in three paragraphs, the second of
which alleges that the city is incorporated under the
general laws of this state; that the common council ordered
said streets to be graded and improved; that, in pursuance
of such order, it did erect and still maintains said culverts,
etc.; that the work was done in a careful and proper man-
ner, and in the judgment of the common council was
proper and necessary, and that the damages, if any, were
the necessary consequence of said improvement, and were

not caused by any neglect or carelessness, etc. To this a demurrer was sustained, which is the error assigned.

We think that the paragraph was good. The question presented is not new in this court. The statute (1 G. & H. 231) gives the city full power to do what it is alleged to have done in the improvement of the streets. It has full authority to repair the streets, and to construct drains and sewers. If it does this with proper skill and care, and without malice, as the paragraph alleges in substance, and consequential injury result to the citizen, he has no remedy, and the fault, if any, is in the law, which we must declare as we find it to exist. *City of Greencastle* v. *Hazlett*, at this term; *Lafayette* v. *Bush*, 19 Ind. 326; *Macy* v. *Indianapolis*, 17 Ind. 267; *Wood* v. *Mears*, 12 Ind. 516. The principle declared by these cases is fully sustained by well-considered cases elsewhere. A collection of many of these, as well as a most able and exhaustive discussion of the question itself, by Mr. Ch. J. *Bronson*, may be found in *Radcliff's Ex'rs* v. *Brooklyn*, 4 Comst. 195.

The judgment is reversed with costs; cause remanded, with instructions to set aside all proceedings subsequent to the filing of the amended answer.

*Samuel Judah*, for appellant.

*John Baker*, for appellee.