*S. Coulson,* for appellants.

*J. M. Hanna,* for appellee.

————————•————————

THE CITY OF TERRE HAUTE *v.* TURNER.

CITY.—*Grading of Streets.*—*Consequential Damages.*—Where a street, alley, or sidewalk is graded in a careful manner pursuant to an ordinance, or resolution, or motion duly passed by the proper vote of the city council, the owners of lots contiguous thereto have no right to compensation for consequential damages to such lots, unless such damages are expressly given by statute; and when thus given, compensation must be sought in the manner prescribed by statute.

SAME.—*Obstruction of Street.*—A city has the power to prevent improper obstruction of streets and sidewalks.

APPEAL from the Vigo Common Pleas.

DOWNEY, J.—Turner sued the city of Terre Haute, alleging in his complaint, that he was the owner of certain real estate fronting on the national road, in that city, on which real estate he had erected a costly warehouse, the front of which was on the line of the north side of said road; that the interior of his warehouse was arranged for use with the level of said road as graded by the government of the United States, and that it had been so used by him since the time of its erection, making large gains and profits thereby, on account of its convenience and easy access, without which he could not have made anything. That in 1867, the city, with-

The City of Terre Haute *v.* Turner.

out lawful authority, pretended to extend her gradation over said ground and said national road, south of the same, and then entered upon said road against his consent, and changed the level of the grade of the road, and cut down and removed the earth on the south of his land and warehouse, and up to the south line thereof, to the depth of six feet, and thereby rendered access to said warehouse, on the south, inconvenient and impossible, and rendered the same useless for the purpose of a grain warehouse, for which it was erected, without an entire change of the internal arrangement at great costs. And after so changing said grade, the defendant refused to allow the plaintiff to use said road, which had been used for twenty years as a public highway, for the purposes of loading and unloading from his said warehouse, thereby rendering the same entirely useless, and causing him great damage and inconvenience, and greatly injuring the plaintiff's business, to wit, in the sum of five thousand dollars. Wherefore, etc.

To this complaint the city answered, first, by a general denial, and second; that she was a city regularly organized and incorporated under the general law of the State of Indiana; that the property described in the complaint is located near the centre of the corporate limits, is on a public street, called Main street, which is the same described in the complaint as the national road; that the common council of the said city, during the last summer, considered that it was necessary and that public convenience required that said street, in front of said warehouse and for forty rods east and west thereof along said street, should be graded so as to render the grade of the street and the sidewalks along the same uniform, and by a two-thirds vote ordered that said street be so graded and gravelled; that said order, with the yeas and nays, was duly entered upon their records as a part of their proceedings, at a regular meeting thereof; that pursuant to said order, she caused said work to be done, which is the grievance complained of; that in making said grade, the earth in front of said building was removed to the depth complained of by

the plaintiff; that the same was a necessary and proper grade, was skilfully and carefully made, doing no unnecessary damage, and without malice; that the surface of said lot is still five feet below the present grade of the street, and the walls of the plaintiff's house are seven feet below said sidewalk; that said building is in a populous part of the city, on Main street, and that public convenience required that plaintiff should not be permitted to load and unload wagons of grain upon said sidewalk; that the other three sides of said building are unobstructed and easy of access for wagons. Wherefore, etc.

A demurrer filed by the plaintiff to the second paragraph of the answer was sustained, and the defendant excepted.

A trial by jury resulted in a verdict for the plaintiff of three thousand five hundred and sixty-two dollars and fifty cents.

A motion for a new trial was made and overruled, and proper exception taken. The evidence is all in a bill of exceptions in the record.

Two errors are assigned; first, the sustaining of the demurrer to the second paragraph of the answer; and second, the refusal to grant a new trial.

In support of the ruling of the court on the demurrer to the second paragraph of the answer, it is insisted by counsel for the appellee, that the action of the city council was illegal and void, because the improvement was not authorized and ordered by an ordinance; while the appellant's counsel contend that it was legal and proper for the council to authorize and require the work to be done by an order or resolution of the council without any ordinance.

The first case to which our attention has been called on this point is that of *The City of Indianapolis* v. *Imberry*, 7 Ind. 1 175, decided under the statute as it stood in 1859. This language was used in deciding the case: "By the charter the council has jurisdiction over the streets and alleys of the city, with power to provide for their improvement and repair. It has power to order them graded, and gravelled, and paved. It

may do this, first, upon the petition of freeholders, according to sec. 66 of the charter, by a majority vote; second, by a two-thirds vote of the council, without a petition, according to sec. 68 of the charter. It does not appear, nor is it necessary that it should, in this case, whether there was a petition or not. The manner in which the order or determination of the council that a given street or alley or part thereof shall be improved is to be expressed is not pointed out in the paramount law, but we think it need not be by ordinance. We think it may be expressed by motion or resolution."

In *The Board of Commissioners of Allen Co.* v. *Silvers,* 22 Ind. 491, which related to the construction of a sewer, and was, under the law then in force, governed by the same rules which governed in improving streets, alleys, etc., it was held that an ordinance was unnecessary, and *The City of Indianapolis* v. *Imberry, supra,* was cited as authority.

It may be conceded that changes have been made in the statute relating to the incorporation of cities since these cases were decided, the present law containing some provisions which were not in any of its predecessors; but we have not been referred to any provision, nor been able to find any, which seems to us to require a different rule of construction. The language of sec. 68 in the present statute, "the common council may cause the same to be done, by contracts given to the best bidder, after advertising to receive proposals therefor," does not seem to contemplate an ordinance. Still less does the language of sec. 70, under which this improvement was ordered by a two-thirds vote, seem to contemplate any such thing.

Counsel for appellee refer to sec. 56, which is as follows: "The common council shall have power to make other by-laws and ordinances not inconsistent with the laws of this State and necessary to carry out the objects of the corporation, and to enforce the observance of all by-laws and ordinances, by enacting such penalties for their violation, not exceeding one hundred dollars for any offence, which may be recovered in an action at law, with costs, as they may deem

right and proper." It is very clear to us that this section falls very far short of requiring that improvements of streets, alleys, sidewalks, etc., shall be authorized only by ordinance. It may authorize the council to enact or adopt ordinances, for that purpose, but it certainly does not require them to do so, or prevent them from ordering such improvement by a simple vote or resolution of the council.

The case of *The City of Indianapolis* v. *Miller*, 27 Ind. 394, is cited by counsel for appellee as deciding that such improvements can only be made by authority of an ordinance. That case was this: Miller got authority from the city, by a simple resolution, to obstruct the street with building materials, which act was a violation of a previously adopted ordinance of the council. Having been notified to remove the obstruction, and having failed to do so, the city removed it. For this Miller sued the city. The city set up the ordinance in defence, and Miller replied the subsequent order or resolution of the council, claiming that it was an ordinance. This court decided that it was not an ordinance, and did not protect Miller from the charge of violating the ordinance by obstructing the street; that the obstruction was, consequently, a nuisance, and that the city had a right to abate it. This was all that was involved in the case, and all that was decided.

It is true that it was said by the learned judge who delivered the opinion, that the power to obstruct a street was of a legislative character, and could only be exercised by an ordinance, passed under the formalities required by law. *Wood* v. *Mears*, 12 Ind. 515, was referred to as if it decided the same thing; but an examination of that case will show that while it decides that a street may be obstructed by the authority of an ordinance, it does not decide that it can be authorized by an ordinance only. But the case in 27 Ind. is not a case in point. It has no relation to the improvement of streets, etc., and is no authority on the point in question.

When a street or sidewalk is graded in a careful manner,

The City of Terre Haute *v.* Turner.

pursuant to legal authority, the owners of lots contiguous thereto have no right to compensation for consequential damages to such lot, etc., unless such damages are expressly given by statute; and when thus given, compensation must be sought in the manner prescribed by the statute. *The City of Vincennes* v. *Richards,* 23 Ind. 381, and authorities there cited. Little is said in argument about the refusal of the city authorities to allow the appellee to occupy and obstruct the sidewalk while loading and unloading wagons in front of the warehouse. The paragraph of the answer in question shows that the sidewalk in question, at the point in question, is a populous part of the city, on Main street, and that public convenience requires that the plaintiff should not be permitted to load and unload wagons on the sidewalk. The city has the power to prevent improper obstruction of the streets and sidewalks. 3 Ind. Stat. 85, subsection 18, "to prevent the encumbering of streets, squares, sidewalks and crossings with vehicles, or any other substance or materials whatever interfering with the free use of the same."

We must, therefore, hold that the second paragraph of the answer was a good bar to the action, and that the common pleas committed an error in sustaining the demurrer thereto.

The other questions discussed relate to the measure of damages, the admissibility of certain evidence relating thereto, etc., and need not, we suppose, be considered by us.

The judgment is reversed, with costs, and the cause remanded.

*W. Mack, S. C. Davis, S. B. Davis,* and *W. D. Bynum,* for appellant.

*R. W. Thompson, H. D. Scott,* and *G. C. Duy,* for appellee.