THE CITY OF LOGANSPORT ET AL. *v.* POLLARD.

50 151
142 282

CITY.—*Damages for Change of Grade in Street.*—Under the twenty-seventh section of the act for the incorporation of cities, 3 Ind. Stat. 63, where the city authorities have once established the grade of any street or alley, the grade thus established cannot be changed until the damages suffered by parties in consequence of the change shall have been assessed and tendered to them.

SAME.—The damages in such case should be assessed by the commissioners provided for by the sixty-second section of the act for the incorporation of cities.

SAME.—*Notice.*—The notice to parties interested of the meeting of commissioners to assess damages, as contemplated by sections 62 and 63 of the act for the incorporation of cities, must show the place of meeting, and it must be shown that the notice was served twenty-one days before the time of meeting.

From the Cass Circuit Court.

*D. C. Justice* and *J. C. Nelson,* for appellants.

*S. T. McConnell,* for appellee.

WORDEN, J.—Complaint by the appellee against the appellants, for an injunction against changing the grade of a street which had already been established, etc.

Trial of the cause by the court, who made the following special finding of the facts and conclusions of law thereon, and rendered final judgment accordingly :

" That the plaintiff, Elizabeth Pollard, at the commence-ment of this suit, was the owner of the property described in her complaint ; that said property abuts on Market street, in the city of Logansport, between the east side of the Wabash and Erie Canal and Fourteenth street ; that before the institution of this suit, the defendant, the city of Logansport, by her common council, duly and legally established and adopted a grade of said Market street between the canal and Fourteenth street, and required property owners along the line of said street, at their own proper cost and expense, to make permanent and lasting improvements, to conform to said grade, including said street in front of plaintiff's said property ; that afterward said city of Logansport, by her common council,

duly and lawfully changed the grade, said grade of said Market street, and ordered the property owners along the line of said street, at their own proper cost and expense, to improve said street, to conform to said changed grade; that five commissioners, who were freeholders of said city, had been duly appointed by her common council, and duly and legally qualified to appraise the damages arising to the property owners along the line of said Market street by reason of said change of grade; that twenty-one days' notice was given to the appraisers by the clerk of said city, to appraise the damages arising to the property owners along the line of said street by reason of said changed grade; that the plaintiff had no other notice of the time and place of the meeting of said appraisers to appraise the said damages than the following:

"'CITY CLERK'S OFFICE,

"'LOGANSPORT, IND., July 18th, 1873.

"'MRS. POLLARD: You will take notice by virtue of an ordinance of the common council, changing the grade of Market street, looking to the improvement of said street under the newly-established grade, the commissioners of real estate of the city of Logansport will, on the 12th day of August, 1873, meet at the hour of nine o'clock, and continue from day to day, until they have completed their labors, for the purpose of assessing any damages which may accrue to you by reason of such change of grade, if any, as owner of one hundred and sixty-five feet opposite lots 41 and 42, J. Tipton's first addition, fronting or bordering on said street, when and where you can attend if you see proper.

"'Yours,        WM. FLYNN, City Clerk.'

"That said notice was served in the manner and form as shown by the following return:

"'I, Jonas D. Beard, marshal of the city of Logansport, do hereby certify and return to the common council of the city of Logansport, that I served the within writ on the within named Mr. (s) Pollard, by reading and delivering to him (her) a certified copy of the same.

"'Witness my hand.     JONAS D. BEARD, Marshal.'

"That said appraisers did meet on the 12th day of August, 1873, at nine o'clock A. M., at Wabash and Erie Canal, on Market street, together with the city civil engineer, and proceed to appraise the damages, arising as aforesaid, and did continue from day to day, until their labors were completed; that they did assess the plaintiff two hundred dollars as her damages consequent upon the change of said grade in front of and opposite her property; that said appraisers certified their proceedings to the common council of said city; that said common council adopted said proceedings by a two-thirds vote of the entire body; that the plaintiff waived the tender of the two hundred dollars; that afterward the common council advertised for proposals to do the work on Market street, to conform to the newly-established grade, by publication in the Democratic Pharos, a weekly newspaper printed and published in Logansport, for two weeks, and by posting one hundred printed notices in public places in said city fourteen days before the letting; that afterward, at a regular meeting of the common council, the contract for the work was let to William B. Walker, he being the lowest and best bidder, by a two-thirds vote of the entire council; that said Walker entered into a written contract with the city and gave a bond to the approval of the common council, and was proceeding to do the work in front of the plaintiff's property when the suit was commenced; and from these facts the court finds—

"For the plaintiff. 1st. That the contract of William B. Walker with the city of Logansport is void, because no sufficient notice was given by the defendant, the city of Logansport, to the plaintiff, of the time and place of the meeting of the real estate commissioners, to make the assessment of damages consequent upon the said change of grade, and because there was no reasonable notice of the time and place of receiving proposals to do the work agreed upon in said contract.

"2d. That the notice to the plaintiff, hereinbefore recited, of the time of the meeting of the real estate commissioners to make the assessment of damages, consequent upon said change of grade, is defective, because it does not designate a place of

meeting of said real estate commissioners to make said assessment of damages.

"To the conclusions of the law and finding of facts, and judgment of the court, the defendants at the time excepted.

"DUDLEY H. CHASE, Judge."

The errors assigned call in question the correctness of the conclusions of law, stated by the court, from the facts found.

It is claimed by the appellants that the appellee was not entitled to damages in consequence of the change of the grade. This was doubtless the law until the passage of the statute now in force on the subject. 3 Ind. Stat. 63. Sec. 27 of the act contains the following proviso, viz. :

"That when the city authorities have once established the grade of any street or alley in the city, such grade shall not be changed until the damages occasioned by such change shall have been assessed and tendered to the parties injured or affected by such change ; and such damages shall be collected by the city from the party or parties asking such change of grade in the manner provided for the collection of street improvements."

Under this provision, it is clear that where the city authorities have once established the grade of any street or alley, the grade thus established cannot be changed until the damages suffered by parties in consequence of the change shall have been assessed and tendered to them. This is but reasonable, inasmuch as when parties have built their houses, constructed their sidewalks, planted their shade trees, etc., with a view to, and in accordance with, the established grade, it is but right that they should be remunerated, if the public convenience requires a change of grade, to their detriment.

And it seems to us that it was intended that the damages in such cases should be assessed by the commissioners provided for by the sixty-second section of the act, as no other provision is made for the assessment of damages.

By sections 62 and 63, it is contemplated that twenty-one days' notice shall be given to the parties interested, of the time and place of the meeting of the commissioners to assess dam-

ages. The notice given to the appellee in this case did not specify the place of the meeting of the commissioners, and it was, therefore, in our opinion, insufficient. Nor does it appear by the return of the officer set out in the finding, when it was served on the appellee, nor that it was served twenty-one days before the meeting of the commissioners. These objections are fatal. We need not, therefore, inquire whether the notice of the receiving of proposals for the work was sufficient; for, if sufficient, the failure to properly notify the appellee of the time and place of the meeting of the commissioners to assess the damages renders their assessment void as to her. See, on subject of notice of letting work, the case of *The City of Logansport* v.*Puterbaugh*, 46 Ind. 550.

The judgment below is affirmed, with costs.

Opinion filed November term, 1874; petition for a rehearing overruled May term, 1875.