City of Wabash *v.* Alber *et al.*

No. 4459.

CITY OF WABASH *v.* ALBER ET AL.

CITIES.—*Damages for Change of Grade of Streets.*—*Statute Construed.*—*Town.*—An incorporated town, having established a grade of a street and improved it accordingly, afterwards became a city and changed the grade, much to the injury of an abutting lot.

*Held,* that the proviso to section 3073, R. S. 1881, did not require the city to pay damages.

From the Kosciusko Common Pleas Court.

*W. G. Sayre, B. F. Williams, R. Kimple, B. K. Elliott* and *A. C. Ayers,* for appellant.

*J. S. Frazer, R. B. Encell, J. U. Pettit* and *A. Taylor,* for appellees.

FRANKLIN, C.—This was an action brought by the appellee Alber against the appellant and others, for damages resulting from a change of grade of a street running in front of the premises of the appellee, and for an injunction to restrain the collection of estimates therefor by precept. The case was commenced in Wabash county, and the venue changed to the Kosciusko Common Pleas Court.

The complaint sets up the fact that the present city of Wabash was, in the year 1855, incorporated as a town under the act of the General Assembly of June 11th, 1852, and as such town it established the grade of Wabash street in front of the premises or lot owned by appellee, and, by ordinance passed by the president and trustees thereof, compelled the owners of the property fronting on said street to improve said street, and bear the expense thereof, and that, about the year 1863, the appellee, in strict compliance with said town ordinance, improved said street and sidewalk, at great expense, in front of his said lot; and that he had put up, prior to the improvement of said street, large and expensive buildings and improvements on said lot; that afterwards, about April, 1866, the town of Wabash was incorporated as a city, under the act of the General Assembly of December 20th, 1865, for the in-

corporation of cities; that on the 9th day of July, 1869, the common council of said city pretended to change the grade of said street, and to establish another grade, whereby the grade of said street in front of said lots was reduced below the existing grade an average depth of five and one-half feet, to the great injury of plaintiff, the appellee; that it assumed to change the grade without first assessing or tendering the damages; that the contract was let without a quorum of the council, in fact, being present, by the record; that the work was done without the consent of the appellee, and that precepts had been issued to collect the costs of said change; and praying an injunction to restrain all further proceedings until the determination of the suit for damages. Copies of ordinances and contract were filed as exhibits.

To this complaint a demurrer was sustained as to all of the defendants except the appellant, and overruled as to it, to which ruling appellant excepted. The appellant filed an answer to the complaint, and, after a demurrer was sustained to it, filed amended second and third paragraphs.

The second paragraph alleges that the city of Wabash was incorporated under the general act of 1865 for the incorporation of cities; that at the time of the grievances of which complaint is made it was acting under that law; that the grade of the street named in the complaint never had been established by it, but the grade of which complaint is made was the only one ever established by the appellant; that the street was the principal one of the city, was much used, and that the grade established was proper, and necessary to make the street accessible and passable; that a petition from two-thirds of the lot owners was presented to the common council prior to the order establishing the grade, and that the order was made by a unanimous vote of the common council; that no objection was made by the appellee to the work of grading the street until after it had been done.

The third paragraph of the amended answer also alleges the facts substantially as stated in the second paragraph, and

avers that the premises alleged to have been injured were held by the appellee for business purposes, and that, instead of being injured by the grading of the street, his property was greatly benefited.

The fourth paragraph of the answer alleges that appellee negligently permitted his building to stand idle and unoccupied, and that he could, at a small expense, have rendered it habitable and fit for use, and thus have prevented any injury from resulting.

The fifth paragraph of the answer alleged that the appellee was benefited and not injured by the change of grade.

The demurrers to the second and fourth paragraphs were sustained, and as to the third and fifth overruled, and exceptions were properly taken.

The appellant also filed thirteen additional paragraphs, numbered from six to nineteen inclusive. Of these paragraphs the court held all good upon demurrer except the sixth, and to this paragraph the demurrer was sustained. This paragraph denied that there was ever any incorporated town of Wabash.

After the reply was filed the appellant filed a twentieth paragraph of answer, which averred that, instead of the alleged change of grade doing an injury to appellant's property, it benefited it in the sum of $300.

The venue was then changed to Kosciusko county, where appellant filed two additional paragraphs, the twenty-first and twenty-second. The twenty-first paragraph of the answer sets out the proceedings of the common council, and alleges that the appellee stood by, without objection, and saw the work done, and insists that he was, by his standing by with knowledge, estopped to afterward complain. The twenty-second paragraph of the answer alleges that the grade of the street was ordered upon the petition of two-thirds of the property-owners, whose names are given, and that they, the petitioners, are the parties against whom the appellee should proceed. Demurrers filed by the appellee to these paragraphs were sustained, and exceptions properly taken.

There was a trial by jury, and verdict for the appellee, motion for a new trial made, overruled and excepted to, and judgment was rendered for the appellee.

Errors are assigned calling in question the overruling of the demurrer to the complaint, the overruling of appellant's motion to certify the cause to the circuit court, the sustaining of the demurrer to the second and fourth paragraphs of the answer, the sustaining of the demurrer to the sixth paragraph of the answer, the overruling of the demurrer to the amendment to the complaint, the overruling of the motion to strike out the amendment to the complaint, the sustaining of the demurrer to the twenty-first paragraph of the answer, the overruling of the motion for a new trial, and the overruling of the motion in arrest of judgment.

This case was decided by this court May 22d, 1876. A petition for a rehearing was filed, and, at the request of the parties, it was delayed from time to time until October 25th, 1881, when the petition was granted, and the case has been resubmitted for decision, and appellant's additional brief filed April 25th, 1883.

The principal question in the case is this: The authorities of the *incorporated town* of Wabash had established a grade of the streets in question, and they had been graded and improved according thereto about the year 1863, at the expense of the owners of abutting property, the plaintiff included; that in 1866 the incorporated town became a *city*, under the act of 1865, by the name of "the City of Wabash," and as such continues; the plaintiff's lot was improved by the erection thereon of valuable buildings, etc.; afterwards the city changed the grade of the streets previously fixed and made, cutting them down adjoining the plaintiff's property five and one-half feet on two sides of the lot, thus destroying access to the plaintiff's buildings, and making the lot unfit for use until it shall be graded to conform to the new grade of the streets, involving an outlay of a large sum of money; and in addition to all this the city had assessed against the lot a portion of the

costs of the change.   Could the city thus change the grade
of the streets without the assessment and payment or tender
to appellee of the consequential damages sustained by him?

It is not denied that the city may change the grade of the
streets from time to time as may be found necessary and ex-
pedient; but it is denied that, after the grade has been fixed
by the authorities of the *town* of Wabash, it could be changed
by the authorities of the *city*, the succeeding corporation, with-
out the payment or tender to abutting property-owners of the
consequential damages resulting therefrom.

The ninth clause of the 22d section of the act for the in-
corporation of towns (1 R. S. 1876, p. 879) gives the trustees
of the town plenary powers over the grading of the streets,
and they may grade and regrade the streets of the town when-
ever deemed necessary and expedient, without the town being
liable to pay to adjacent lot owners any consequential dam-
ages therefor.

In the case of *Snyder* v. *President, etc.*, 6 Ind. 237, it is said:
"As to compensation for the injury which the grading of the
street may work to the property of the plaintiffs, they are en-
titled to none on general principles of law.    This is well set-
tled.   If the trustees were proceeding in violation of law and
negligently and wantonly prosecuting the work to their det-
riment, the case would be different; but where a street is
graded pursuant to legal authority and in a careful manner,
the adjoining owners of lots have no right to compensation
for consequential damages to their lots, unless expressly given
by statute, and, in that case, the compensation must be sought
in the manner prescribed by the statute.   So are almost all
the authorities."

Thus it will be seen that if the town authorities, before the
change of the corporation into a city, had regraded the streets
in the same manner as was afterwards done by the city au-
thorities, there would have been no liability for consequential
damages against the town.    But the statute for the incorpora-
tion of cities is different, in this respect.    The 27th section of

the act of 1867, 1 R. S. 1876, p. 279, has the following *proviso:* " That when the city authorities have once established the grade of any street or alley in the city, such grade shall not be changed until the damages occasioned by such change shall have been assessed and tendered to the parties injured or affected by such change ; and such damages shall be collected by the city from the party or parties asking such change of grade in the manner provided for the collection of street improvements."

In the case of *Macy* v. *City of Indianapolis,* 17 Ind. 267, where, after the city had once established the grade of a street, and after adjoining lot owners had improved in conformity to such grade, the city caused the street to be regraded, it was held by the court that the grade of a street in a city might be changed, and that the city was not liable for consequential injuries resulting to the adjoining proprietors. This was in 1861, under the act of 1857. See, also, *City of Vincennes* v. *Richards,* 23 Ind. 381.

In the case of *City of Delphi* v. *Evans,* 36 Ind. 90 (10 Am. R. 12), which was under the proviso of the act of 1867, it was held that as to cities making the first grade of a street they were not liable for consequential damages, and in this respect they are classed with towns.

The case of *City of Terre Haute* v. *Turner,* 36 Ind. 522, was also a case of first grading, and the city was held not liable for consequential damages.

These authorities establish beyond controversy that a town or city is not liable for consequential damages on account of the grading of a street unless expressly made so by some statute. The proviso in the act of 1867 only makes cities liable where the city authorities have once established the grade of a street, for afterwards changing the grade.

In the case of *City of Lafayette* v. *Fowler,* 34 Ind. 140, it was held that the city might regrade the streets and pay the damages occasioned by the change out of the general revenues of the city.

Here the former improvement and grade of the street had been made by the city authorities, and the change was made under said *proviso*.

In the case of *City of Logansport* v. *Pollard*, 50 Ind. 151, it was held that where the city authorities have once established the grade of any street, the grade thus established can not be changed until the damages suffered by the parties in consequence of the change shall have been assessed and tendered to them.

Thus it will be seen that a town can not be held liable for consequential damages on account of grading and regrading streets at will; and that a city can only be held liable for changing the grade after it has once established and made the grade.

It is learnedly and very ably argued by counsel, whether the making of the grade by the town authorities ought to have the same effect as though it had been made by the city authorities, and whether the city ought to be held liable for consequential damages on account of changing the grade made by the town authorities, whether, although not within the letter of the statute, it should be held as being within its spirit.

At the time of the passage of the said proviso in the act of 1867 upon this question, the law was the same in relation to both towns and cities, and the proviso only applies to cities, and not to towns. If the Legislature had intended to make it apply to grades once established by the town authorities, they would evidently have included that in the proviso, and the fact that they did not do so is *prima facie* evidence that they did not intend to do so, and such a construction would clearly not be within the letter of the statute. True, the old rule laid down by Bacon is, that "A thing which is within the intention of the makers of a statute, is as much within the statute as if it were within the letter. * * A thing which is within the letter of a statute, is not within the statute, unless it be within the intention of the makers." However ancient this rule may be, yet where the language of a statute is plain and unambiguous, there should be some very cogent

reason for coming to a conclusion that it should receive by interpretation a meaning different from that which is expressed. We see no sufficient reason in this case for coming to the conclusion asked for by appellee's counsel. While cities succeed towns in the same localities, and both may be composed largely of the same citizens, yet their corporate powers and liabilities differ widely.

Villages grow into towns, and towns into cities; the town may be considered as the municipal organization in its minority, and held to less strictness and fewer liabilities than the city; and there ought not to be attached that importance and permanency to the grading of the streets by the town as if it had been done by the city. Towns have no regular and competent engineer to establish, superintend the making, and keeping of a record of the grades of their streets; and what is done by them, on account of its having been done more superficially and not so thoroughly, will necessarily need more changing. And towns frequently spring into cities so quickly, and business increases so rapidly, as to render the partial and imperfect grades of the streets wholly inadequate to properly transact the increased business of the city. Hence the right of the city is left, and not affected by said proviso, to change and regrade the streets that had been graded by the town authorities, but not by the city authorities, without being liable for compensation for consequential damages. This ruling may work a hardship in some instances, and, perhaps, does in this, but not any more so than if the regrading had been done in the same way by the town authorities. It is probable that the grade here was not what it should have been in the first place, or a change would not have been found necessary. Be this as it may, we must follow the law as we find it plainly to exist.

We think the letter of the statute is as was intended by its makers, and that there is no liability for consequential damages on account of appellant changing the grade of its streets that had been previously established and made by the former town authorities.

The court erred in overruling the demurrer to the complaint, for which error the judgment must be reversed; and as this disposes of the entire case, it is unnecessary to decide the other questions presented.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to the court below to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.

ELLIOTT, J., did not participate.