Mattingly v. The City of Plymouth.

Filed March 17, 1885.

---

## No. 11,403.

## MATTINGLY v. THE CITY OF PLYMOUTH.

MUNICIPAL CORPORATION.—*Establishing Street Grade.—Changing Grade.—Damages to Owners.*—Under section 3073, R. S. 1881, the grade of a street, which can not be changed without the assessment and tender of damages occasioned thereby, is a grade established in pursuance of some ordinance or order of the common council involving some general plan of improvement or grading of a street, or specified portion thereof. And such grade, when established, must be approved and adopted, in some way, by the common council, and should be made a matter of record. The record of the survey establishing the grade should appear in the record which the civil engineer is required to keep; and the proceedings of the council should, in some way, either by ordinance or resolution, show that the survey establishing the grade was authorized or approved so as to make it authoritative. Until proceedings are had by the common council, directing that the grade of a certain street, or streets, or specific portions thereof shall be established, or that a grade already established is approved and adopted, in some authoritative way, by the common council, it can not be deemed that the "city authorities have once established" a grade of a street; and improvements are made by lot-owners subject to the right of the city to establish or change the grade without the assessment or payment of damages.

SAME.—*Estoppel of Corporation as to Establishment of Grade.*—The fact that an ordinance requires all sidewalks to be built in conformity with the grade of the corresponding street, and makes it the duty of the street commissioners to oversee the construction and maintenance of

all sidewalks, and requires all persons, before laying a sidewalk, to apply to the city engineer for the proper grade, and to construct the proposed sidewalk in accordance with the grade as given by him, and the fact that one who does so apply makes such improvement according to the direction of the engineer, where the street has not been established by the steps above specified and required by section 3073, R. S. 1881, do not estop the city from establishing a different grade for the street without the assessment and tender of damages. Nor does the fact that the committee on streets, with the city engineer, directed the owner where to place the sidewalk, estop the city.

From the Marshall Circuit Court.

*D. McDuffie, C. B. Tibbets* and *J. D. McLaren,* for appellant.
*A. C. Capron,* for appellee.

MITCHELL, J.—The substance of the complaint is, that the plaintiff was the owner of certain premises in the city of Plymouth, abutting on Michigan street, on which was situate her dwelling and other improvements; that in the summer of 1881, desiring to make additional improvements upon her lots and the dwelling thereon situate, she applied to the city engineer to give her the proper grade in reference to which to raise her house, fill up her lots and by which to construct a sidewalk in front of and along her premises; that in pursuance of such request the city engineer gave her the grade of the street, and that she accordingly, at a large expense, filled up her lots, raised her house and constructed a sidewalk to conform to the grade so fixed and established by the city engineer; that after her improvements were completed and her sidewalk laid in conformity with the grade so given her, the city by its agents wrongfully tore up her sidewalk and lowered the same, and attempted to establish a different grade, without first assessing and tendering her the damages thereby occasioned, which she avers would be $500. She asked and obtained a temporary restraining order, after which issues were made up on the complaint, and at the final hearing there was judgment for the city and against the plaintiff; and the record and assignment of errors

here require us to consider the case upon the evidence, which is before us in a bill of exceptions.

The material facts as shown are, that Mrs. Mattingly, in the summer of 1881, owned the lots described in her complaint, and that they abutted on Michigan street; that at that time there was in force an ordinance of the city requiring all sidewalks to be built in conformity with the grade of the corresponding street, and making it the duty of the street commissioners to oversee the construction and maintenance of all sidewalks in the city, and to report to the common council all such as needed repairs. It also required that all persons before laying a sidewalk should apply to the city engineer for the proper grade, and that they should construct the proposed sidewalk in accordance with the grade as given them by him.

It appeared that Mrs. Mattingly applied to the city engineer who gave her the grade of Michigan street as requested, and it may be inferred that she made her improvements, so far as raising her house and filling up her lots, to correspond with the grade as fixed at that point by the city engineer. Later, the committee on streets and another city engineer agreed with the appellant, upon what is termed a " compromise grade," which was some inches lower than that established by the first engineer, and upon this grade it is claimed the sidewalk was built. As constructed, the sidewalk in front of the appellant's lots was from five to nine inches higher than those on either side, and the city council directed a re-survey to be made, which last survey fixed the grade for the sidewalk to correspond with the adjacent walks, and the city then notified the appellant to lower her walk accordingly. Compliance with this notice was refused, whereupon the city was proceeding to lower the walk when this suit was commenced.

It is now argued that the fixing of the grade for the sidewalk by the city engineer and the street committee was establishing the grade within the meaning of the proviso of

section 3073, R. S. 1881, and that the grade so fixed could not lawfully be changed until the appellant's damages were assessed and tendered.

This section requires the civil engineer of an incorporated city to prepare plans and specifications, etc., for public improvements, and that he shall superintend the opening of streets and the preservation of the true lines thereof, etc.; that he shall make a record of all surveys, etc., and then provides, "That when the city authorities have once established the grade of any street or alley in the city, such grade shall not be changed until the damages occasioned by such change shall have been assessed and tendered to the parties injured or affected by such change, and such damages shall be collected by the city from the party or parties asking such change of grade in the manner provided for the collection of street improvements."

It is plainly inferable that the grade, the establishment of which is here referred to, and which can not be changed without the assessment and tender of the damages occasioned thereby, is a grade established in pursuance of some ordinance or order of the common council involving some general plan of improvement or grading of a street or specified portion thereof. And such grade, when established, must be approved and adopted in some way by the common council, and should be made a matter of record. The record of the survey establishing the grade should appear in the record which the civil engineer is required to keep, and the proceedings of the council should in some way, either by ordinance or resolution, show that the survey establishing the grade was authorized or approved, so as to make it authoritative.

Until proceedings are had by the common council directing that the grade of a certain street or streets, or specified portions thereof, shall be established, or that a grade already established is approved and adopted in some authoritative way by the common council, it can not be deemed that the "city

authorities have once established" the grade of a street, and improvements are made by lot-owners subject to the right of the city to establish or change the grade without the assessment or payment of damages.

As the initial point in the appellant's case, it was necessary to show the existence of a duly established grade by the city authorities at the time the improvements were made; that the improvements were made with reference to a grade so established, and that the city was proceeding to change the grade so established, to the appellant's damage, without the assessment and tender of the damages so occasioned. This was neither averred in the complaint nor shown in the evidence, and so both are fatally defective.

In the case of *Nebraska City* v. *Lampkin,* 6 Neb. 27, it was held that in order to establish the existence of a grade for a street in a city, the records and files pertaining thereto should be produced, and that unless these are shown to have been lost or destroyed, no other proof is admissible.

The ordinance of the city of Plymouth, requiring persons to construct sidewalks in conformity to the existing grade of the streets, and also requiring the city engineer, on application, to fix for such persons the grade on which their sidewalk should be laid, was a proper regulation to secure uniformity and safety in the sidewalks; but it can not be said that because this was required, and sidewalks were built and improvements made with reference to grades so fixed, the city was thereafter estopped from establishing a different grade for the street without the assessment and tender of damages; nor does the fact that the committee on streets, with the city engineer, directed the appellant where to place her sidewalk, estop the city.

The judgment is affirmed, with costs.

Filed March 10, 1885.