The City of Valparaiso *v.* Adams.

Filed April 9, 1890.

---

No. 14,189.

## The City of Valparaiso *v.* Adams.

City.—*Streets.—Grading.—Damages Occasioned by Failure to Exercise Proper Skill.—Liability.*—In the absence of some statute upon the subject, a city is not liable to an individual citizen for damages caused by the grading of a street, nor for damages caused by changing the grade of a street when once established. Where, however, the city in grading the streets and making public improvements fails to exercise proper care and skill in the selection of a plan, and by reason thereof an injury to the owner of private property occurs, which, by the exercise of reasonable skill and care, could have been avoided, the city is liable for such injury.

Same.—*Change of Grade.—Action for Damages.—Pleading.—Complaint.— Insufficiency of Under Theory Adopted.*—A complaint in an action for damages, on the theory that damages have been occasioned to the plaintiff by a change in the established grade of a street, is bad where

it contains no allegation that a grade had been legally established, and that a change was made in the grade without first assessing the damages occasioned thereby.

From the Porter Circuit Court.

*T. J. Merrifield,* for appellant.

*W. Johnston,* for appellee.

COFFEY, J.—This was an action by the appellee against the appellant to recover damages growing out of the grading of a street in the city of Valparaiso. The complaint avers that the appellee is, and has been for the last ten years, the owner and in the possession of a certain described lot in the city of Valparaiso, of the value of two thousand dollars, on which there is situate a dwelling-house of the value of fifteen hundred dollars ; that said lot is a corner lot, and faces to the south and west, and that the houses thereon are situate on the southwest corner and west and north half thereof ; that the appellant has caused the street to be elevated on the west side of said lot to the height of ten feet above the established grade, with reference to which she had built her said house and made her improvements, and that in so elevating and grading said street filled up and removed the gutter and sewer, and so altered the surface of the ground as to cause large and unusual quantities of surface-water, in times of rain, to congregate and gather from a large number of other lots and streets and flow upon the plaintiff's premises and into her house aforesaid, causing it at all times to be filled with water and dirt, and kept damp ; that in grading and filling said street the appellant used all kinds of foul and noxious material, such as refuse from privy-vaults and barnyards, which, in time of rain, washed into her house, and thereby caused such a stench in the neighborhood of her house that it rendered her premises uninhabitable ; that by reason thereof she has lost the use of her premises for three years, which was of the reasonable value of fifteen dollars per month.

The appellant answered by a general denial.

Trial by jury.   Verdict and judgment for appellee.

Assignment of errors :

*First.*   That the complaint does not state facts sufficient to constitute a cause of action.

*Second.*   That the court erred in overruling the appellant's motion for a new trial.

In the absence of some statute upon the subject, a city is not liable to an individual citizen for damages caused by the grading of a street, nor for damages caused by changing the grade of a street when once established.   There is, however, one exception to this general rule.   Where the city, in grading streets and making public improvements, fails to exercise proper care and skill in the selection of a plan, and by reason thereof an injury to the owner of private property occurs, which, by the exercise of reasonable skill and care, could have been avoided, the city is liable for such injury. *City of Indianapolis* v. *Huffer*, 30 Ind. 235 ; *City of Delphi* v. *Evans*, 36 Ind. 90 ; *City of Terre Haute* v. *Turner*, 36 Ind. 522 ; *City of Seymour* v. *Cummins*, 119 Ind. 148.

We have had some trouble in settling upon the theory upon which the appellee bases her claim in this action, but it is certain that it can not be based upon the theory that it falls within the rule announced in the cases above cited, for there is a total absence of any allegation in the complaint that the appellant has been either negligent or unskilful. The appellee, in her brief, treats it as an action for damages occasioned by a change in the established grade of the street upon which her property is situate, and placing it upon that theory the question is as to whether the complaint is sufficient.

Section 3073, R. S. 1881, provides that " when the city authorities have once established the grade of any street or alley in the city, such grade shall not be changed until the damages occasioned by such change shall have been assessed

and tendered to the parties injured or affected by such change, and such damages shall be collected by the city from the party or parties asking such change of grade in the manner provided for the collection of street improvements."

Under this statute it has often been held by this court that when a city has once established the grade of a street or alley it can not be changed until the damages occasioned thereby have been assessed and tendered. *City of Logansport* v. *Pollard*, 50 Ind. 151; *City of Wabash* v. *Alber*, 88 Ind. 428; *City of Kokomo* v. *Mahan*, 100 Ind. 242; *Mattingly* v. *City of Plymouth*, 100 Ind. 545.

But there is no allegation in the complaint before us that there has ever been any change made in the grade of the street in controversy. Indeed, there is nothing in the complaint before us from which it appears that the appellant ever legally established any grade on the street in question, except as the same may be gathered from inference.

In the case of *Mattingly* v. *City of Plymouth, supra*, it was said by this court, that " until proceedings are had by the common council directing that the grade of a certain street or streets, or specified portions thereof, shall be established, or that a grade already established is approved and adopted in some authoritative way by the common council, it can not be deemed that the ' city authorities have once established ' the grade of a street, and improvements are made by lot-owners subject to the right of the city to establish or change the grade without the assessment or payment of damages."

To bring the case before us within the statute, it should appear by the complaint that the city of Valparaiso had legally established a grade on the street in question, and that it has since changed such grade without first assessing and tendering the damages occasioned thereby. There is no attempt to allege these facts, and for this reason the complaint is wholly insufficient to recover damages under the theory upon which the suit was prosecuted.

There are other questions presented by the record and argued by counsel in their briefs, but as they may not arise again we deem it unnecessary to decide them.

Judgment reversed.

Filed April 10, 1890.