Baker *v.* The Town of Shoals.

Judgment reversed.

Filed March 14, 1893.

---

No. 824.

## BAKER *v.* THE TOWN OF SHOALS.

MUNICIPAL CORPORATION.—*Streets.*—*Change of Grade.*—*Consequential Damages.*—When an incorporated town has established the grade of one of its streets, and the same has been improved according to such grade, and the property owners abutting such street have improved their property with reference to such established grade, such town is not liable to them for the consequential damages resulting to their property by a change of such established grade.

From the Martin Circuit Court.

*H. McCormick, E. Inman* and *J. F. Rogers,* for appellant.

*H. Q. Houghton* and *J. B. Marshall,* for appellee.

Ross, J.—This was an action to recover damages which the appellant alleges she sustained by reason of a change made by appellee in the grade of a street in the town of Shoals, upon which street appellant's property abutted. To the complaint a demurrer for want of facts was filed and sustained by the court, and the appellant refusing to amend or plead further judgment was rendered in favor of the appellee.

The complaint is in one paragraph, and is as follows:

" Susan E. Baker, plaintiff, complains of the defendant, and says, that the defendant is a corporation duly organ-

ized under the laws of the State of Indiana; that said defendant, as such corporation, has a Board of Trustees, who have the care, control, supervision, and management of the public improvements of said town, and of the opening and laying out of the streets and alleys of said town, and of the grading and gravelling the same. Plaintiff further says that she is a resident of said town, and the owner of the east half of lots Nos. 149 and 150, which lots front on Main street in said town; that upon said lots she has erected a hotel building, wood and coal house, and other out-buildings of the value of five thousand dollars; that said building has been used and occupied by plaintiff as a public hotel for more than ten years last past; that she had adjusted and located and established her hotel building, coal and wood house, and other out-buildings, according to the established grade of said street, in accordance with the grade of said street as it had been used and occupied for more than ten years prior to the occurrences hereinafter mentioned. Plaintiff further says that her hotel building, coal and wood house, and other out-buildings, had been adjusted to said Main street so they were easy of access. That on the —— day of September, 1889, the defendant commenced an improvement on Main street in said town, commencing where Fourth street crosses Main, and from there south on Main street to the right of way of the O. & M. railroad; that said improvement so made was in front of her said lots as aforesaid. And plaintiff further says that the defendant, by and through her Trustees, cut down and graded said street between the points mentioned, varying in depth from one to four feet; that in front of plaintiff's property, they cut down and hauled away and removed the earth and gravel to a depth of four feet; that all of said work was done by the defendant without first appointing a commission to assess damages and benefits of the property on each side of the street where said improvement was made, and over the plaintiff's objection, nor has the

Baker *v.* The Town of Shoals.

defendant at any time appointed a commission to assess damages and benefits of the property affected by said improvement. Plaintiff further says that the cutting down of Main street in front and adjacent to her property as aforesaid, has left said hotel building standing high upon a bank, rendering it almost inaccessible, and leaving her coal and wood house entirely inaccessible; that by reason of the cutting down of said street it has rendered it necessary to make new arrangements and adjustments of said property in order that it may be made accessible for public use; that the new arrangement and adjustments that are made necessary to be made by the cutting down of said street will cost plaintiff $500, and after the same is made said property will not be as easy of access as it was before the cutting down of said street. And plaintiff further says that the cutting down of said street in front of her said lots and hotel building, as aforesaid, has permanently damaged said property $2,000. All to her damage in the sum of $2,500, for which she demands judgment and all proper relief in the premises."

At this time we will not examine the complaint to determine whether or not the facts are well pleaded, but we will at once pass to the consideration of the legal questions presented.

The material question which confronts us is whether or not, when an incorporated town has established the grade of one of its streets—and the same has been improved according to such grade, and the property owners along such street have improved their property with reference to such established grade—it can change the grade to the injury of such property owners without incurring a liability for such injuries.

Where a city or town, in the grading and gravelling of a street, injures the property of one of its citizens by reason of the negligent manner in which the work was done,

it becomes liable therefor. *City of Jeffersonville* v. *Myers*, 2 Ind. App. 532; *Town of Princeton* v. *Gieske*, 93 Ind. 102.

But it is a rule almost universally established, that a municipal corporation is not liable for consequential damages necessarily caused in changing the grade of a street, except it is made liable by some statute, the Constitution or by the charter of the corporation itself. Elliott on Roads and Streets, 336, and cases cited; *City of Valparaiso* v. *Adams*, 123 Ind. 250.

The Constitution of this State creates no such liability, and as the allegations of the complaint show none arising from appellee's charter, we have only to determine what liability is created by the statute. Section 3073, R. S. 1881, which relates to the powers of cities over their streets, has this proviso: "That when the city authorities have once established the grade of any street or alley in the city, such grade shall not be changed until the damages occasioned by such change shall have been assessed and tendered to the parties injured or affected by such change."

Under this statute it is settled that a city once having established the grade of a street can not change such grade until it has caused the damages, which will be occasioned by such change, to be assessed and tendered. *City of Valparaiso* v. *Adams, supra; City of Logansport* v. *Pollard*, 50 Ind. 151, and *City of Kokomo* v. *Mahan*, 100 Ind. 242. This section, however, applies only to cities.

Sections 3367–3369, R. S. 1881, clothe Boards of Trustees of incorporated towns with the power of laying out, surveying, and opening new streets and straightening, narrowing, widening, grading, and gravelling those already laid out. Section 826, Elliott's Supp., also authorizes them "to lay out, open, grade and otherwise improve the streets." But we are unable to find any statute which imposes any liability upon an incorporated town for consequential damages arising by reason of the changing of the

grade of its streets. Without such a statute there is no liability in this State. *Snyder* v. *President, etc., Town of Rockport*, 6 Ind. 237; *City of Wabash* v. *Alber*, 88 Ind. 428.

The court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.

Filed March 14, 1893.