Filed October 15, 1895.

No. 17,394.

CITY OF HUNTINGTON v. GRIFFITH.

APPELLATE PROCEDURE.—*Clerk's Certificate.*—*Reporter's Longhand Manuscript of Evidence.--Copy.*--A clerk's certificate that the record on appeal contains copies of all proceedings is conclusive upon the Supreme Court, that the bill of exceptions is in the transcript by copying the original longhand manuscript of the evidence, and not by incorporating such original therein, as contended by the counsel for appellee.

MUNICIPAL CORPORATION.—*City.*—*Changing Grade of Street.*—*Evidence.*—The establishment by a city of a prior street grade, essential to the right of a property-owner to recover damages for an alleged change of grade, should be shown by proof of authoritative acts and proceedings of the common council, in adopting a former town grade, or in designating a new grade.

From the Huntington Circuit Court.

*J. B. Kenner* and *U. S. Lesh,* for appellant.

*J. M. Hatfield,* for appellee.

HACKNEY, J.—The circuit court enjoined the appellant from establishing a grade, and improving, according to such proposed grade, a street in said city.

The petition alleged that the town, now city, of Huntington had, by surveys, grade records, and ordinances, established a general grade for said town, and a special grade for the street in question; that in the year 1873, said town was incorporated as a city, and thereafter, to-wit, on the 7th day of September, 1877, the common council of said city adopted an ordinance to grade and gravel part of North Jefferson street, and boulder the gutters on each side of part of said street; that in said ordinance the city civil engineer was directed to set the proper grade stakes, and advertise for the execution of said work; that in pursuance of said ordinance, by order of the common council, the city civil engineer did set the proper grade stakes in pursuance to the established grade of said city, and where the said lots abut on said Jefferson street, and the street was then and there improved as provided for in said ordinance, which improvement when completed was accepted by said city; that still later, and in March, 1894, the appellant, by ordinance, survey, etc., sought to establish a grade for said street, the effect of which would be to reduce the existing grade in front of the appellee's lot five or six feet, to the injury of said lot, and to her damage, all without the assessment, payment, or tender to appellee of any damages on account of such proposed grade.

The petition is indefinite in its allegations of the former establishment of a grade for said street, and renders it

difficult to determine the theory upon which the appellee claimed the existence of a former established grade, whether by implication the former grade of the town was in force, or whether by the affirmative adoption of the grade established by the town became the city grade, or whether a new grade was established by the city, in the proceedings of September, 1877. The lower court rendered a special finding upon the theory that a former grade had been established by the appellant city, which had been adopted by it in its proceeding of September 7, 1877, but whether established by the adoption of another, or by independent action, would seem to make no difference, so that it was authoritative. Accepting the construction of the petition by the lower court, and this, we think, is the most reasonable theory presented by the pleading, the demurrer was properly overruled, and all of the objections urged against the petition might have been cured upon motion to make more specific. It is true that a city is not liable for damages arising from the establishment of a street grade in conflict with a grade established by a former town corporation, embracing the same territory. *City of Wabash* v. *Alber*, 88 Ind. 428. It is equally true, however, that a city may not change a street grade legally established by it, without first assessing and paying, or tendering, the damages occasioned by such change, to the abutting property-owner. R. S. 1881, section 3073; R. S. 1894, section 3508; *City of Logansport* v. *Pollard*, 50 Ind. 151; *City of Kokomo* v. *Mahan*, 100 Ind. 242; *City of Lafayette* v. *Wortman*, 107 Ind. 404; *City of Lafayette* v. *Nagle*, 113 Ind. 425; *City of Anderson* v. *Bain*, 120 Ind. 254; *City of Valparaiso* v. *Adams*, 123 Ind. 250; *City of Jeffersonville* v. *Myers*, 2 Ind. App. 532.

The allegation that, pursuant to an ordinance, the stakes were set according to the established grade of

said city, and the improvement made and accepted in accordance therewith, while general and subject to be made more particular, is, as we have said, sufficient, as against a demurrer, and as alleging the maintenance of a former grade established by the city. It negatives the idea of a mere smoothing of the surface of the street, preparatory to placing the gravel. This conclusion is not at variance with *Mattingly* v. *City of Plymouth*, 100 Ind. 545, which holds that "Until proceedings are had by the common council directing that the grade of a certain street or streets, or specified portions thereof, shall be established, or that a grade already established is approved and adopted in some authoritative way by the common council, it cannot be deemed that the 'City authorities have once established the grade of a street.'" Our conclusion rests upon the theory that the general allegation quoted and referred to, implies necessarily some such authoritative action by the city. In the case of *City of Lafayette* v. *Wortman, supra*, the allegation that the former grade was by "the common council of the city established the grade thereof, in the manner following, viz: 'Beginning at the grade of Earl avenue, and running down to Thompson avenue, in the shape of a depressed curve,'" is not an allegation of the proceeding by which the grade was established, and is at most a statement of the character of the grade. It is not, in our opinion, "a direct allegation as to the establishment of a prior grade," in the sense of setting up the manner of establishing it as insisted by appellant's counsel.

The ruling of the circuit court upon the motion for a new trial is next presented. The court's third finding was as follows:

"That on the 7th day of September, 1877, the common council of defendant adopted an ordinance to grade and gravel part of Jefferson street, including that part

embracing plaintiff's premises, and to boulder the gutters on each side of said street. In said ordinance it was ordained that said street should be reduced to the established grade of said city. *Prior to said date, the city civil engineer of said city by the directions of the common council thereof, made, established, and recorded the grade of said North Jefferson street along said property, which grade was reported to said common council, and was accepted, approved and adopted by said common council as the grade of said street.* The profile and specifications were at the time on file at the chambers of said common council. Said street was so reduced to said grade, and gutters were constructed in accordance with said grade, and the street leveled, all to the acceptance of the city civil engineer, in accordance with said plans and specifications in said ordinance directed, and this was all done after due notices had been given for sealed bids until October 5, 1877, and under contract with appellant."

That part of the finding in italics is attacked as not supported by the evidence. We have carefully read the evidence, and have been unable to find in it a support for the finding that prior to the proceeding of September 1877 the city established a grade for the street in question. Notwithstanding the appellant's challenge, the appellee has failed to point out any evidence supporting that finding. There was evidence tending to support the allegation that the town had established a grade for said street, but there was no evidence tending to support the possible theory that the grade so established was affirmatively adopted by the city prior to the proceeding of September, 1877, and it must be remembered that the finding is of an affirmative establishment of a grade by direction to the engineer, and by such grade being established and recorded, and "reported to

said common council, and accepted, approved, and adopted by said common council as the grade of said street."

The direction to the engineer, in the ordinance of September, 1877, to set the stakes to the established grade of said city, or that the "street be reduced to the established grade of the city," might suggest the possible inference of a previously established grade, but it does not authorize a finding as an independent fact that the council had directed the establishment of a grade ; that the engineer had designed the grade, had recorded the same, and had reported the fact to the council, and which report had been "accepted, approved and adopted by said common council." There is evidence also tending to support the theory that in and by the proceeding of 1877 a grade was established ; this, however, is not the establishment of the grade as found by the court to have been made "prior to said date." This evidence is not complete since it is partly oral, and while stating abstractly the action of the council, it is no where shown what were the contents of any lost paper or record. It is true that the record presents a profile of the grade for the improvement of 1877, but it is not shown when it was filed, or that the council ever considered it, or took any action with reference to it.

The record is not satisfactory in its presentation of the evidence, as it commingles oral and documentary evidence without regard to the order of time, and in some instances by interrogatories addressed to, and answered by, the witnesses from prints upon plates or diagrams not disclosed by the record. If the able and careful judge who presided during the trial was not deceived by the evidence, the record certainly is incomplete, and does not present to us all of the evidence upon which he acted. By the authorities we have cited, it must appear that the change must be of a grade established by the

City of Huntington *v.* Griffith.

city. As said in *Mattingly* v. *City of Plymouth, supra,* in speaking of the statute permitting damages for such change, "It is plainly inferable that the grade, the establishment of which is here referred to, and which cannot be changed without the assessment and tender of the damages occasioned thereby, is a grade established in pursuance of some ordinance or order of the common council, involving some general plan of improvement, or grading of a street or specified portion thereof. And such grade, when established, must be approved and adopted in some way, by the common council, and should be made a matter of record. The record of the survey establishing the grade should appear in the record which the civil engineer is required to keep, and the proceedings of the council should, in some way, either by ordinance or resolution, show that the survey establishing the grade was authorized or approved, so as to make it authoritative." The evidence discloses no such establishment of grade upon any of the theories possible under the complaint. Appellee suggests that the evidence is not in the record by bill of exceptions in proper form. The original bill is embodied in the record, and it makes, by incorporation and adoption, the long hand manuscript of the evidence a part of the bill. The judge certifies that the bill contains all of the evidence, and he makes that contained in the bill a part of the record.

This is sufficient, though the manuscript may purport to have been copied from shorthand by a stenographer. Elliott App. Proceed., section 821, and authorities there cited.

The judgment of the circuit court is reversed with instructions to sustain appellant's motion for a new trial.

Filed June 11, 1895.

### ON PETITION FOR REHEARING.

HACKNEY, J.—In her petition for a rehearing, the appellee earnestly insists that the evidence disclosed the establishment, prior to September 7, 1877, of a grade for the street in question, both by the action of the former town, adopted impliedly by chartering as a city under the statute, and as proven by the recitals of the ordinance of September 7, 1877. As held in the original opinion, the acceptance of a city charter does not impliedly work an adoption, by the city, of street grades established by the former town, in the sense that, under the statute creating a liability, the city may not establish a grade. *City of Wabash* v. *Alber*, 88 Ind. 428.

The recitals in the ordinance of September 7, 1877, not only do not establish, or purport to establish, a grade, but they are far short of the evidence required to show that the city had taken, by corporate action, the steps necessary to establish such alleged prior grade. *Mattingly* v. *City of Plymouth*, 100 Ind. 545.

If, prior to September 7, 1877, as the trial court found, the city had established a grade for the street in question, that fact should have been proven by showing the authoritative acts and proceedings of the common council in adopting the former town grade, or in designating a new grade. Again it is insisted that the evidence is not in the record, first, because the bill of exceptions contains the original long hand manuscript of the evidence which, it is further claimed, was not filed; and, second, because the only certificate that the bill contains all of the evidence is that of the stenographer. As to the first objection, we will say that the record discloses that the bill of exceptions was filed within the time allowed, and the clerk certifies, not that the record contains the original, but that it contains copies of all pro-

ceedings, etc.  It is, perhaps, true, as counsel suggest, that to bring the original long hand manuscript into the record, instead of by copy of the bill of exceptions, it must appear to have been filed.  We must accept, however, the clerk's certificate as conclusive that the bill of exceptions is in the transcript, by copying the original, and we are not permitted to take the statements of counsel, that the transcript contains the original, and not a copy.  As to the second objection to the bill, counsel are mistaken.  It clearly appears in the certificate of the judge, that the bill contains all of the evidence given in the cause.

The petition for a rehearing is overruled.

Filed October 16, 1895.