Filed June 18, 1896.

No. 2,126.

KEEHN *v.* McGILLICUDDY ET AL.

MUNICIPAL CORPORATION.—*Change of Grade of Street.—Damages.*— A city is liable to property owners where it has established the grade of a street, and the abutting property has been improved in conformity to such grade, and a new grade subsequently established to the injury of the property.

SAME.—*Change of Grade in Street.—Damages.*—The city is not liable in damages for a change from the natural grade of a street to one established by the city.

SAME.—*Complaint —Damages.—Change of Grade of Street.*—Where the ordinance set out in a complaint for damages for change in the grade of a street is a general one and fixes the grade at the crossings of the streets surrounding plaintiff's property, taken in connection with the averment that the street was graded in accordance with such established grade, the complaint sufficiently shows a previously established grade.

SAME.—*Ordinance.—Lost Record.*—The losing of the record of an ordinance does not render the ordinance invalid, where it does not appear but that the original is in existence.

From the Porter Circuit Court.

*N. J. Bozarth,* and *L. R. Martin,* for appellant.

*W. Johnston,* for appellees.

LOTZ, J.—The appellant was the plaintiff below, and her complaint consisted of four paragraphs. The second paragraph was withdrawn, and demurrers were sustained to each of the others. The rulings on these demurrers are the errors assigned.

The first paragraph alleges, in substance, that the plaintiff is the owner of a certain tract of land situate within the corporate limits of the city of Valparaiso, fronting and abutting on Locust street; that in the year of 1886, the common council of said city passed an ordinance fixing and establishing the grade for such street; and that the street was graded and improved in accordance therewith; that afterwards, and while the ordinance was in full force, the plaintiff improved her property by erecting a dwelling house, and making lasting and valuable improvements thereon, in conformity to such established grade; that, subsequently to the making of such improvements, the common council, without having first assessed and tendered the damages occasioned thereby, by ordinance changed the grade and authorized the de-

fendants to change the grade of said street; that, in pursuance of the direction and authority of the city, the defendants did change the grade by raising the same in front of plaintiff's dwelling house and premises from six to twelve feet higher than the former grade, causing a large embankment to be erected in front of her house, obstructing the view and rendering access thereto from the street difficult by reason of the precipitous banks, and damaging her property to the extent of $2,000.

It is the law of this State, that when the city authorities have once established the grade of any street or alley, such grade shall not be changed until the damages occasioned by such change shall have been assessed and tendered to the parties injured or affected by such change. Section 3508, Burns' Rev. 1894, (3073, R. S. 1881); *City of Jeffersonville* v. *Myers*, 2 Ind. App. 532.

According to the averments, the city was a wrongdoer in changing the grade, and those who acted with it, or at its instigation, were also wrongdoers, and all were jointly and severally liable. *City of Jeffersonville* v. *Myers, supra.*

The appellee insists that the complaint is bad because the copy of the ordinance set out in the complaint only fixes the grade at street crossings. There is an averment that the street was graded in accordance with an ordinance fixing the grade.

The ordinance set out is a general one, and fixes the grade at the crossings of many streets, and it fixes the grade at the crossings of the streets surrounding the plaintiff's property. This, taken in conjunction with the averment that the street was graded in accordance with such established grade, sufficiently shows that a grade had been established by the city.

The third paragraph differs from the first, in that it

avers that the plaintiff made the improvements on her property in accordance with the natural grade, and that the grade subsequently established and constructed injured her property. The city is only liable when a grade has been once established and a new grade subsequently made. *City of Wabash* v. *Alber*, 88 Ind. 428.

There are also some averments of negligence in the construction of the grade. A city is liable if it adopts improper plans, or negligently fails to comply with proper plans. *City of Jeffersonville* v. *Myers, supra.* But the averments of negligence here are too indefinite and uncertain to make the pleading good. As charging negligence, the demurrer was properly sustained to this paragraph.

The fourth paragraph is practically the same as the first, with the exception that it is averred that the ordinance adopted by the council was duly recorded, but the record thereof lost. The fact that the record was lost did not render the ordinance invalid. The original may still be in existence.

Judgment reversed, with instructions to overrule the demurrers to the first and fourth paragraphs of complaint.

Filed June 18, 1896.