## The State *v.* Stoner et al.

[No. 6,312. Filed November 27, 1906.]

1. **Municipal Corporations.**—*Streets.*—*Authority Over.*—*Street Fairs.*—*Licensing of.*—Towns have the right under §4357 Burns 1901, §3333 R. S. 1881, to license the owners of a street fair to use the streets, subject to the rights of the public and the abutting property owners.   p. 106.

2. **Same.** — *Streets.* — *Control.* — *Nuisances.* — Towns cannot license a permanent obstruction of a street for private purposes, which is a nuisance, nor authorize a temporary or partial obstruction for private purposes, which may amount to a nuisance.   p. 106.

3. **Same.**—*Streets.*—*Control.*—The trustees of towns have the exclusive control over their streets, but they can exercise such control only for the public benefit.   p. 107.

4. **Same.**—*Streets.*—*Temporary Obstructions for Building Purposes.*—The trustees of a town may grant an abutting owner, desiring to erect a building, the temporary right to occupy a portion of the street.   p. 107.

5. MUNICIPAL CORPORATIONS. — *Street Fairs.* — The trustees of a town may, under §4357 Burns 1901, §3333 R. S. 1881, license the public exhibition of a street fair where such exhibition does not unreasonably interfere with the use of the streets and is not immoral or disorderly.   p. 107.

6. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.   p. 107.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Suit by the State of Indiana against Norman R. Stoner and others.   From a decree for defendants, plaintiff appeals.  *Affirmed.*

*Samuel J. Hayes,* Prosecuting Attorney, and *Isaac Conner,* for appellant.

*M. A. Baker, J. H. Bibler* and *Enoch Myers,* for appellees.

ROBINSON, J.—Transferred from Supreme Court under the act of March 12, 1901.   Suit to enjoin the conducting of a street fair and carnival in the town of Rochester.

The statute authorizes the board of town trustees "to license, regulate or restrain auction establishments, street auctions, and all tables, alleys, machines, devices, and places for sports or games, kept for hire or pay, traveling peddlers, public exhibitions," etc.   §4357 Burns 1901, §3333 R. S. 1881.   The board of trustees made an order granting the privilege of the streets of Rochester, Indiana, to the Fraternal Order of Eagles, from September 12 to 17 inclusive, for the purpose of holding a carnival and fall festival.   The verified complaint begins: "The State of Indiana, by Arthur Metzler, prosecuting attorney, within and for the forty-first judicial circuit of the State of Indiana, gives the court to understand and be informed of all and singular the facts hereinafter stated, and for cause of action says," etc.   The pleading avers the making of the order by the board and the making of a contract, by those to whom the privilege was granted, with an amusement company, and avers at length facts, the effect of which is to show that the public streets of the town will be obstructed by the exhibi-

tions to be given, that immoral and vicious shows are to be given, that such use of the streets and the conduct of such carnival and festival would be unlawful, and that by reason of the facts averred such fair and carnival would be a public nuisance, and that because of the many persons who would participate in maintaining such nuisance, and the character of the same, and the attitude of the town officials toward the same, it would be impossible to prevent such nuisance by criminal proceedings, or by ordinary legal processes. A temporary injunction is asked, and upon final hearing a perpetual injunction enjoining appellee from doing the acts of which complaint is made. As to the nonresident defendants, a temporary restraining order was issued, and notice was ordered issued for the resident defendants returnable the following day. Upon the final hearing the court made a special finding of facts, with conclusions of law "that plaintiff take nothing by the complaint herein, and that plaintiff's petition for a permanent injunction be denied." The only error assigned, which is argued, is overruling appellant's motion for a new trial. And the only question presented under the motion is that the finding is not supported by sufficient evidence and is contrary to the evidence.

The above statute authorizes boards of town trustees to license and regulate the things therein enumerated, and, having control of the public streets, the board may authorize the use of the streets for such purposes, subject always to the rights of the public and of abutting property owners in the street. By virtue of a town's exclusive power over its streets it could not authorize a permanent obstruction of a street for merely private purposes, nor could it authorize for such purposes the obstruction of a street so extensive or so long continued as to be unreasonable and thus amount to a nuisance. A permanent obstruction in a street is a nuisance, and an obstruction may be a nuisance, though not of a permanent character.

The exclusive power over the streets given to the board of trustees can be exercised only for the benefit of the public.

3. It is a duty imposed upon towns and cities to keep streets open and unobstructed for travel. It is true a town might authorize an abutting lot owner, desiring to erect a building, to deposit material on the street while the building was being erected, as that would

4. be putting the street to one of the uses it was made for. Such would be a necessary, temporary obstruction. But a town would have no authority to obstruct a street so as materially to interfere with its free use by the public, nor could it authorize another to do so, unless it could be shown that some necessity existed for such action. The authority to license a public exhibition does not necessarily carry with it the authority to give

5. over gratuitously to such exhibition the exclusive use of the public streets. Nor does such authority to license empower the town to authorize the giving of immoral or disorderly exhibitions. See *Pettis* v. *Johnson* (1877), 56 Ind. 139; *Adams* v. *Ohio Falls Car Co.* (1892), 131 Ind. 375; *Wood* v. *Mears* (1859), 12 Ind. 515, 74 Am. Dec. 222; *City of Indianapolis* v. *Miller* (1866), 27 Ind. 394; *City of Tell City* v. *Bielefeld* (1898), 20 Ind. App. 1; Elliott, Roads and Sts. (2d ed.), §§645, 648, 651, 653.

Conceding, without deciding, that the State may bring an action such as this, the judgment must be affirmed. The special findings show that while certain streets were partially occupied by the exhibitions given, such occupancy was temporary, and the ordinary use of the streets for travel was not materially interfered with; and it is

6. also found that the exhibitions were not immoral. There is evidence to support these findings, and we cannot disturb them without weighing the evidence, which we cannot do.

Judgment affirmed.