**C.T. HARRIS, Appellant**
**(Plaintiff Below),**

v.

**TOWN OF OGDEN DUNES, Appellee**
**(Defendant Below).**

**No. 64A03–8910–CV–428.**

Court of Appeals of Indiana,
Third District.

March 26, 1990.

**1148**

J.J. Stankiewicz, J.J. Stankiewicz & Associates, Merrillville, for appellant.

Jill Sisson, Katharine E. Gerken, Heidi B. Jark, Hoeppner, Wagner & Evans, Valparaiso, for appellee.

HOFFMAN, Presiding Judge.

Plaintiff-appellant C.T. Harris appeals the trial court's grant of summary judgment in favor of the Town of Ogden Dunes.

The facts relevant to this appeal disclose that on May 8, 1988, Harris, as agent for the owners of the property, submitted a petition to vacate a public way to the Planning Commission of the Town of Ogden Dunes. The public way involved is a half-moon shaped encumbrance which is located on Lots 7 and 8 along Aspen Road in Ogden Dunes. This encumbrance was dedicated to the Town in 1928. The Town Council held a hearing on this petition on June 6, 1988 and denied the petition.

Harris filed a complaint in the Porter Circuit Court on July 6, 1988 asserting that he had the right to judicial review of the Town Council's denial of his petition to vacate. The trial court granted the Town's motion for summary judgment on May 11, 1989 holding that Harris was not entitled to judicial review since his petition to vacate a public way had been denied.

One issue is dispositive of this appeal: whether Harris is entitled to judicial review of the Town of Ogden Dunes' decision denying Harris' petition to vacate a public way.

The vacation of a public way is governed by IND. CODE § 36–7–3–12 (1988 Ed.). This statute states in pertinent part:

"(a) Persons who:

(1) own or are interested in any lots or parts of lots; and

(2) want to vacate all or part of a public way or public place in or contiguous to those lots or parts of lots;

may file a petition for vacation with the *legislative body* of:

(A) a municipality, if all or any part of the public way or public place to be vacated is located within the corporate boundaries of that municipality;

\* \* \* \* \* \*

(c) The *legislative body* shall hold a hearing on the petition within thirty (30) days after it is received.

\* \* \* \* \* \*

(e) After the hearing on the petition, the *legislative body* may, by *ordinance,* vacate the public way or public place....

(f) Within thirty (30) days *after the adoption of a vacation ordinance,* any aggrieved person may appeal the ordinance to the circuit court of the county. The court shall try the matter de novo and may award damages." (Emphasis added.)

The Town Council in Ogden Dunes is the legislative body. When the Town Council denied Harris' petition to vacate a public way, it was a legislative act. The above-cited Indiana statute states that a person aggrieved by the adoption of a vacation ordinance has the option of appealing the decision to the circuit court of the county. However, a remedy is not provided for a person who petitions to vacate a public way when the petition is denied.

Harris correctly states that a party is entitled to an appeal from an administrative action. The Indiana Supreme Court in *Dortch v. Lugar* (1971), 255 Ind. 545, 266 N.E.2d 25, held that a litigant is entitled to judicial review of administrative action taken by a board, commission, or governmental corporation notwithstanding the failure

of the legislature to provide a statutory remedy. However, this case does not involve an administrative action. The Town Council acted as a legislative body in denying Harris' petition.

In *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399, the court held that an appeal may be had although not provided for by statute. The court stated that when a statutory remedy is not provided, "it does not necessarily follow that the litigant would be left without a remedy. Where a self-executing constitutional right is violated, no statutory remedy is necessary for its protection." *Id.* 217 Ind. at 114, 26 N.E.2d 399. Harris does not allege nor does the evidence show that any of Harris' constitutional rights have been violated.

The Indiana statute governing civil procedure in appeals from actions of municipalities reads in relevant part:

"An appeal *allowed by statute* from any action or decision of a ... legislative body of a town shall be filed as an original complaint against the ... town in the circuit or superior court of the county in which the municipality is located. The complaint on appeal must be filed within thirty (30) days after the date of the action or decision complained of....

IND. CODE § 34–4–17.5–1 (1989 Supp.).

This statute applies only to statutes that contain within their provisions the right to appeal from actions of municipalities. *See: Morrison v. McMahon* (1985), Ind.App., 475 N.E.2d 1174, 1178.

Clearly the Indiana legislature did not intend to provide the right to appeal when a petition to vacate is denied. The right to appeal is given to those persons aggrieved by the granting of a petition to vacate a public way by the legislative body. It is apparent that the legislature had no intention of broadly conferring rights to all individual property owners to obtain the vacation of a public way for the benefit of a purely private interest. The legislature gave the Town Council, as the legislative body, the discretion to decide if a public way should be vacated and this power can be exercised only for the benefit of the public. *See: State v. Stoner* (1906), 39 Ind.App. 104, 79 N.E. 399, 400. Harris does not allege that the Town Council acted outside of its authority granted by the legislature. The right to appeal the decision of the Town Council denying a petition to vacate a public way is not provided for by Indiana's statute and thus, Harris is not entitled to judicial review of the Town Council's decision denying his petition to vacate a public way.

Affirmed.

RATLIFF, C.J., and GARRARD, J., concur.