The TOWN OF PORTER, Indiana, Appellant–Respondent,

v.

Hugo Eugene BRANDSTETTER, Trustee of The Hugo E. Brandstetter Revocable Trust dated the 9th day of April, 1992, and Susan Brandstetter, Appellees–Petitioners.

No. 64A03–0110–CV–319.

Court of Appeals of Indiana.

June 19, 2002.

## OPINION

BAKER, Judge.

Appellant-respondent The Town of Porter (Porter) appeals the trial court's vacation of a public right-of-way that was entered in favor of the appellees-petitioners Hugo and Susan Brandstetter (the Brandstetters). Specifically, Porter asserts that the trial court erred in substituting its judgment for the town council's legislative policy decision that previously denied the vacation of the right-of-way. Moreover, Porter asserts that the trial court erroneously determined that the Porter town council's refusal to vacate the right-of-way violated the Brandstetters' equal protection rights. Concluding that a rational basis existed for denying the vacation of the right-of-way, we reverse the trial court's judgment.

### FACTS

The Brandstetters own residential property in the Porter Beach area adjacent to Lake Michigan. They petitioned the Porter Plan Commission (Plan Commission) to vacate the north half of 128th street, the public right-of-way adjacent to their property. Approximately ten years earlier, the

Porter town council had vacated a portion of the public easement adjacent to the property of the Brandstetters' neighbors, the Vitas, to the south half of 128th street. The town council's decision in 1990 to vacate the easement was based on the following circumstances as they existed in 1990:

1. 128th Street has never been improved for a street or public way and because of such grade, cannot so be used.

2. the request to vacate the portion of the street in question would, in no way, hinder the growth or orderly development of the neighborhood or Town of Porter.

3. The vacation would not cut off access to the lands of any aggrieved person or make access by public way more difficult or more inconvenient.

4. The vacation would not hinder the public's access to a church, school or other public building or place.

5. The vacation would not hinder the use of the public way by the neighborhood in which it is located or to which it is contiguous.

Appellant's App. p. 38.

The Plan Commission made a written recommendation to Porter with respect to the Brandstetters' petition, indicating that the portion of the street should be vacated as requested. Appellant's App. p. 9. On November 28, 2000, a public hearing was conducted. The Brandstetters' request was considered based upon the totality of policy and planning concerns that existed for Porter in 2000. The Porter town council ultimately determined that public access and future development needs of the town in 2000 and beyond would be compromised by vacating the public easement. Thus, the town council unanimously denied the Brandstetters' petition for the following reasons:

[T]he Town is running out of easements at Porter Beach. We may need them in future for sewer and water lines. [Councilman Bodnar] is not in favor of any more vacations in Porter Beach area. [Councilman] Powell agrees. [S]ays area needs to be cleaned up, things are being dumped there. [Councilman] Liebert sees it as a longstanding feud between neighbors and doesn't want to get involved, is not in favor of vacating. [Councilwoman] Kozuszek agrees, also wants to see Vita fix a drain he has installed at the base of the dune. Motion made by Liebert that, having heard both sides of the vacations request, it is in the best interest of the Town and residents to deny vacation on the grounds that 1) Town may need easement in future for utility purposes, 2) there are not many easements left in the Porter Beach area to provide residents with access to public properties such as public beach, etc., 3) vacation of said easement would hinder the growth and orderly development of the Porter Beach area which would affect the existing property owners as well as the Town of Porter citizenry.

Appellant's App. p. 40–41.

Thereafter, the Brandstetters petitioned the trial court "To Review De Novo the Action of the Town Council," Appellant's App. p. 8–10, where it was alleged that the denial of the vacation was without reason or basis either in law or in fact. Specifically, the Brandstetters claimed that the denial of the petition to vacate was capricious, arbitrary and clearly erroneous, and a violation of their equal protection rights because of the vacation that had been previously granted in favor of the Vitas. Appellant's App. p. 10. Moreover, the Brandstetters argued that the specific findings made by the 1990 Porter Town Council with respect to the Vitas' petition unequivocally established their right to a

vacation of the right-of-way as a matter of law.

Thereafter, on January 12, 2001, Porter moved to dismiss the action claiming that the Brandstetters failed to identify a specific property right and they did not show any intentional discrimination or misappropriation of property. Moreover, Porter argued that the action had to be dismissed because the Brandstetters' "generalized equal protection argument is misplaced under Indiana law." Appellant's App. p. 13. The motion was heard on May 8, 2001, and, thereafter, the parties consented to have the trial court render a judgment on the pleadings and record submitted in lieu of trial.

On June 12, 2001, the trial court issued an order, including findings of fact and conclusions of law, granting the Brandstetters' vacation of the right-of-way. In reversing the judgment of the Porter town council, the trial court relied upon our supreme court's decision in *State ex rel. Miller v. McDonald*, where it determined, among other things, that a local ordinance "transparently distinguished" between commercial and noncommercial enterprises with regard to whether household refuse should be removed by the City. 260 Ind. 565, 297 N.E.2d 826, 830 (1973). The trial court relied on the rationale set forth in *Miller* which determined that distinguishing between the various types of apartment complexes for purposes of trash pick-up was arbitrary and devoid of any apparent rationality. *Id.* at 830.

In accordance with the trial court's ruling here, the Brandstetters were "similarly situated and identical in the 'mirror interest' to the vacation of the street easement as previous petitioner." Appellant's App. p. 72. The trial court recognized that no development of the property through the intervening eleven years has been made for the benefit of the public. Appellant's App. p. 71. Therefore, it was concluded that the town council acted in an arbitrary and capricious manner toward the Brandstetters without a reasonable basis in denying the petition to vacate the right-of-way. Appellant's App. p. 72. Porter now appeals.[1]

## DISCUSSION AND DECISION

Porter maintains that the trial court erroneously determined that there was no rational basis for the town council's decision denying the vacation of the public right-of-way. Specifically, Porter urges that the trial court impermissibly encroached on its legislative decision-making function and, thus, the town council's decision denying the vacation should be reinstated. Porter goes a step further and argues that the trial court erred in determining that the Brandstetters' equal protection rights [2] were violated.

In resolving this issue, we initially observe that the Porter Town Council is the legislative body. *See* Ind.Code § 36–7–3–12. When the Town Council denied the Brandstetters' petition to vacate the public way, it was a legislative act. *See Harris v. Ogden Dunes*, 551 N.E.2d 1147, 1148 (Ind. Ct.App.1990). We note that courts should not intermeddle with internal functions of either executive or legislative branches of

---

1. Porter filed a Motion to Correct Error on July 11, 2001. Appellant's App. p. 74.

2. The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." Article 1, Section 23 of the Constitution of the State

of Indiana embodies essentially the same spirit as its federal counterpart:

> The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens.

government. *Common Cause, Inc. v. State,* 691 N.E.2d 1358, 1361 (Ind.Ct.App. 1998). The judiciary must not usurp the constitutional function of the legislature. *Bunker v. Nat'l Gypsum Co.,* 441 N.E.2d 8, 11 (Ind.1982). Judicial judgment should not be substituted for that of the legislature in matters that neither affect fundamental rights nor proceed along suspect lines. *Id.* Moreover, an act of the legislature must be afforded a presumption of constitutionality. Accordingly, the burden to rebut this presumption is upon any challenger and all reasonable doubts must be resolved in favor of the act's constitutionality. *Griswold v. State,* 725 N.E.2d 416, 419 (Ind.Ct.App.2000), *trans. denied.* Although our appellate courts may review the power of the legislature to act, they must not evaluate the policies adopted by the legislature. *Bunker,* 441 N.E.2d at 12.

■ We also observe that the guarantee of equal protection is a right to be free from invidious discrimination in statutory classifications or other governmental activity. *Harris v. McRae,* 448 U.S. 297, 322, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980). This court will uphold a challenged classification if there is a rational relationship between the disparity of treatment and some legitimate government purpose. *Heller v. Doe,* 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). To show that certain legislation is irrational, the plaintiffs-appellants must " 'negative every conceivable basis which might support it,' ... whether or not the basis has a foundation in the record." *Id.* at 320–21, 113 S.Ct. 2637. When challenging the Equal Privileges and Immunities Clause in Indiana, the following test was set forth in *Collins v. Day:*

> Where the legislature singles out one person or class of persons to receive a privilege or immunity not equally provided to others, such classification must be based upon distinctive, inherent characteristics which rationally distinguish the unequally treated class, and the disparate treatment accorded by the legislation must be reasonably related to such distinguishing characteristics. We believe that this requirement incorporates and satisfies the often expressed concerns that such legislative classifications be 'just,' 'reasonable,' 'substantial,' 'not artificial,' 'not capricious,' and 'not arbitrary.'

644 N.E.2d 72, 78–79 (Ind.1994); *see also Dvorak v. City of Bloomington,* 768 N.E.2d 490 (Ind.Ct.App. 2002).

■ Porter directs us to the minutes of the hearing on the petition to vacate the right-of-way in support of its claims that the trial court erroneously substituted its judgment for that of the town council and that the Brandstetters' equal protection rights had not been violated. It was established that the members of the town council were all concerned with the growing needs of Porter. Appellant's App. p. 40. The town had entered into an agreement with the local water company for expansion into the beach area for municipal water access. Moreover, modifications to the current sewer arrangement in Porter are contemplated for spring 2002. Additionally, as Porter has pointed out, two different town councils over a ten-year period of time reached different outcomes. Between 1990 and 2000, the number of public access sites in Porter has dwindled. The decision to keep its easement available for potential future use was based in part on such a legitimate policy consideration. The decision for Porter to keep its easement available was based on a number of public health concerns that were not present to the same degree in 1990, including firefighting concerns and the accumulation of public waste dumping. It is entirely reasonable that the town's needs and cir-

cumstances would have changed in the decade since the 1990 council made its decision to vacate part of the public easement.

In considering the above, these distinctions advance a rational basis for Porter's decision. It is apparent here that the trial court disagreed with the wisdom of Porter's policies as evidenced by the hearing of its town council and, instead, improperly substituted its own judgment for that of the town council. To be sure, after the southern one-half of 128th street was vacated ten years ago pursuant to the Vitas' petition, the other one-half remained as an easement. Thus, the town council could reasonably have concluded that those very problems described at the hearing with respect to the Brandstetters' petition would arise.

With respect to the equal protection claim, Porter points out that the Brandstetters have not established that they are members of any "suspect" class. Moreover, the record demonstrates that the Brandstetters were not similarly situated to the Vitas when they received their vacation of the right-of-way a decade earlier. Even more compelling, the Brandstetters have not put forth any evidence to rebut the presumption that their fundamental right to equal protection was not violated.

In *Harris*, this court observed that the legislature did not provide for de novo review of a denial of a petition to vacate a public way. 551 N.E.2d at 1149. Specifically, we noted that "the legislature had no intention of broadly conferring rights to all individual property owners to obtain the vacation of a public way for the benefit of a purely private interest." *Id.* However, inasmuch as the Brandstetters set forth a purported constitutional violation regarding the vacation of the right-of-way, we agree with Porter's contention that the Brandstetters have failed to show such

invidious discrimination in statutory classifications or other governmental activity as is required to successfully make an equal protection claim. As set forth above, there existed a rational basis for the town council's decision. Thus, the Brandstetters may not succeed on their equal protection claim.

Judgment reversed.

SULLIVAN, J., and DARDEN, J., concur.